Rickey Lamont GIVENS a/k/a Rickey Lamont Givons a/k/a Ricky Lamont Givens, Appellant,

v.

The STATE of Texas, Appellee.

No. 03–99–00826–CR.

Court of Appeals of Texas, Austin.

Aug. 31, 2000.

Rehearing Overruled Oct. 5, 2000.

---

Stephen N. Lee, Copperas Cove, for Appellant.

James T. Russell, Admin. Asst., Belton, for State.

Before Chief Justice ABOUSSIE, Justices KIDD and B.A. SMITH.

BEA ANN SMITH, Justice.

A jury found appellant Rickey Lamont Givens guilty of possessing more than four grams of cocaine and assessed punishment at imprisonment for twenty-five years and a $3000 fine. *See* Tex. Health & Safety Code Ann. § 481.115(a), (d) (West Supp. 2000). Givens challenges the legal and factual sufficiency of the evidence. We will affirm.

The State contends Givens did not preserve his evidence sufficiency claims for review. *See* Tex.R.App. P. 33.1 (preservation of error). The State asks us "to explain why, if there is a reason, Rule 33.1 ... does not apply."

It has long been the rule in Texas that a criminal appellant may challenge the sufficiency of the State's evidence even though the issue was not raised in the trial court. *See Flanary v. State,* 166 Tex. Crim. 495, 316 S.W.2d 897, 898 (1958) (op.

on reh'g); *see also Collier v. State*, 999 S.W.2d 779, 787 (Tex.Crim.App.1999) (Keller, J., dissenting) ("procedural default concepts are generally absent from evidentiary sufficiency issues as they relate to elements of an offense"); 43 George E. Dix and Robert O. Dawson, *Criminal Practice and Procedure* §§ 43.382, .382a (Texas Practice 1995 & Supp.2000). In other words, the State's burden to present evidence sufficient to sustain a conviction has been considered an absolute requirement that must be observed without request and cannot be waived or forfeited. *See Marin v. State*, 851 S.W.2d 275, 279–80 (Tex.Crim.App.1993) (absolute, waivable, and forfeitable rights). Former appellate rule 52(a), the direct antecedent to rule 33.1, "[did] not apply to ... absolute systemic requirements, the violation of which may still be raised for the first time on appeal." *See id.* at 280. The State cites no authority and makes no argument that rule 33.1, unlike former rule 52(a), was intended to amend or repeal established rules of adversary litigation. We therefore conclude that Givens did not forfeit his right to challenge the sufficiency of the evidence on appeal by failing to move for an instructed verdict or new trial, or by otherwise raising the issue in the district court.

On the day in question, Killeen Police Officer Roy Clayton saw Givens, whom he recognized as having an outstanding arrest warrant, using a pay telephone. As the officer turned his patrol car, Givens entered the passenger side of an automobile that then drove away. Clayton stopped the car and "immediately went for the driver's side to keep him in the vehicle for my safety." Clayton spoke to Givens through the driver's side window, told him there was a warrant for his arrest, and asked him to step out of the car. As Clayton walked around the back of the car to the passenger's side, he saw Givens "bending forward in the front seat as in either reaching for something towards the floor board area or doing something with his hands." Reaching the passenger window, the officer saw Givens "taking some items out of what appeared to be his left shoe" and "throwing it onto the floor" of the car. "I immediately noticed what I believed to have been crack cocaine that he had in his hand that he was throwing onto the floor board."

Clayton removed Givens from the car, handcuffed him, and placed him in the custody of a backup officer. As Clayton returned to the stopped car, he saw the driver "reaching over into the passenger side floor board and picking up the substance that I believe was crack." The driver, David Brown, then opened the car door and threw the substance onto the ground beneath the car. Clayton retrieved the substance, which laboratory tests confirmed was crack cocaine.

■ Both Brown and Givens testified that the cocaine belonged to the third man in the car, Roderick Powell, who was sitting in the back seat. Brown and Givens testified that when the officer turned on his emergency lights to stop the car, Powell said, "Here, Rickey" and handed Givens the cocaine. Givens said he threw the cocaine on the floor when he realized what it was. There was evidence that Powell is a cocaine dealer.

■ The test for the legal sufficiency of the evidence to support a criminal conviction is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Griffin v. State*, 614 S.W.2d 155, 158–59 (Tex. Crim.App.1981). Officer Clayton's testimony is sufficient to support the jury's finding that Givens exercised care, custody, or control of the cocaine knowing that it was contraband. Point of error one is overruled.

■ In a factual sufficiency review, all the evidence is considered equally, including the testimony of defense witnesses and

the existence of alternative hypotheses. *See Orona v. State*, 836 S.W.2d 319, 321 (Tex.App.—Austin 1992, no pet.). A factual sufficiency review asks whether a neutral review of all the evidence, both for and against the finding of guilt, demonstrates that the proof of guilt is so obviously weak or so greatly outweighed by contrary proof as to undermine confidence in the jury's determination. *See Johnson v. State*, 23 S.W.3d 1, 11 (Tex.Crim.App.2000). We are not free to reweigh the evidence and set aside a verdict merely because we feel that a different result is more reasonable. *See Clewis v. State*, 922 S.W.2d 126, 135 (Tex.Crim.App.1996); *Reina v. State*, 940 S.W.2d 770, 773 (Tex.App.—Austin 1997, pet. ref'd). Viewing all the evidence equally, and giving due deference to the jury's verdict, we conclude that the finding of guilt beyond a reasonable doubt is not clearly wrong and unjust. *See Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App. 1996); *Stone v. State*, 823 S.W.2d 375, 381 (Tex.App.—Austin 1992, pet. ref'd as untimely filed). Point of error two is overruled.

The judgment of conviction is affirmed.