NO. 07-00-0356-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



APRIL 16, 2002



______________________________




PETROLEUM WHOLESALE, INC., APPELLANT



V.



SHABANA ENTERPRISES, INC. AND VARSHA HUSSAIN, APPELLEES




_________________________________



FROM THE 133RD DISTRICT COURT OF HARRIS COUNTY;



NO. 97-44520; HONORABLE LAMAR MCCORKLE, JUDGE


 

_______________________________



Before QUINN and REAVIS and JOHNSON, JJ.

ON AGREED MOTION TO REINSTATE APPEALFOR ENTRY


OF SETTLEMENT AND JOINT MOTION TO DISMISS APPEAL



 By opinion dated April 2, 2002, this Court dismissed this appeal pursuant to Rules
38.8(a)(1) and 42.3(a) and (c) of the Texas Rules of Appellate Procedure. On April 15,
2002, the parties filed two motions, to wit: an agreed motion to reinstate this appeal for
entry of settlement and a joint motion to dismiss this appeal pursuant to the settlement. 
We withdraw our original opinion and judgment of April 2, 2002, and in lieu thereof, issue
the following opinion granting the parties' motion to reinstate the appeal for entry of a
settlement and joint motion to dismiss.

 By their pending motions, the parties represent that they have reached a settlement
in the underlying dispute and as an integral part of the settlement, the parties move jointly
to dismiss this appeal. Thus, we reinstate the appeal in order to enter an order of
dismissal. Having dismissed the appeal at the request of the parties, no motion for
rehearing will be entertained and our mandate will issue forthwith. 

 Accordingly, the appeal is hereby dismissed.

 Don H. Reavis

 Justice


Do not publish.



ey. 

 Walters averred that the robber's voice stood out for her and that "the characteristics
of the voice was [sic] the exact same as an employee that I had talked to just recently." 
She also averred that as she listened to the voice, "[t]here's only one name clicking through
my head, and it was the name of the employee." She identified that employee as
appellant. She also said that the store had a videotape surveillance system that "monitors
pretty much our office door" in addition to other portions of the business. The man told her,
"I want the videotape," and she gave it to him. She was then pushed under the desk, and
the man attempted his get-away. He was unable to leave through the back door, so he
had to leave through the restaurant.

 Rick Rose, another Denny's employee, was eating as a customer at the restaurant
at the time of the robbery. While he was in the restroom at Denny's, he saw appellant. 
Although it took him a minute to recognize him, he knew appellant because he had trained
on the morning shift that appellant had worked. Rose asked appellant what he was doing,
to which appellant replied that he was just there to use the bathroom. Rose noticed that
appellant had on a blue jacket and appeared to have a black bag clutched to his chest. 
Shortly afterwards, Rose saw appellant leave the restaurant, he opined, "a little faster than
normal."

 Next, Rose saw Walters come from the back of the building. She was excited and
told him that she had been robbed and, she said, "I know the voice." They locked the
doors to the restaurant and notified the police. Rose then looked into each of the rooms
of the restaurant and discovered rolls of coins on the floor of the restroom. He averred he
had not seen any African-Americans in the restaurant other then appellant. He was shown
a photo-lineup at the police station and identified appellant as the individual he had seen
in the restroom and at the restaurant.

 Appellant's witness Angela Terrell testified that appellant was staying with her at her
apartment. She said that appellant had come by her workplace to pick her up about 4:30
p.m. on the day of the robbery but left because she had to work until 5:30 p.m. He was not
there to pick her up at 5:30 p.m. but was at her apartment about 5:45 when she returned
after getting a ride from a co-worker. Her apartment was searched by the police, but
nothing incriminating was found. Tasha Terrill, appellant's niece, furnished alibi testimony
by averring that appellant was at Angela Terrell's apartment and left a little after 4:00 p.m. 
She said that appellant returned a little after 4:00 p.m. and left the apartment a little after
5:00 p.m.

 It has long been the rule that a criminal appellant may challenge the sufficiency of
the State's evidence even though the issue was not raised in the trial court. Givens v.
State, 26 S.W.3d 739, 740-741 (Tex. App.-Austin 2000, pet. ref'd). In a factual sufficiency
review, all of the evidence is considered equally, including the testimony of defense
witnesses and the existence of alternative hypotheses. Id. at 741-42. A factual sufficiency
review asks whether a neutral review of the evidence, both for and against the finding of
guilt, demonstrates that the proof of guilt is so obviously weak or so greatly outweighed by
contrary proof as to undermine confidence in the jury's verdict. See Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000). In performing that function, we must remember that
we are not free to reweigh the evidence and set aside a verdict merely because we feel
that a different result is more reasonable. See Clewis v. State, 922 S.W.2d 126, 135 (Tex.
Crim. App. 1996). 

 The gist of appellant's challenge is Walters' identification of appellant as the culprit
simply by her familiarity with his voice. However, her trial testimony was clear, definite, and
unimpeached on cross-examination that she was able to recognize appellant's voice
because she had heard it before during the course of appellant's employment at the
restaurant. Her outcry and identification were immediate. The Court of Criminal Appeals
has held that voice identification testimony is admissible and it is within the jury's province
to determine the weight to be given the testimony. See McInturf v. State, 544 S.W.2d 417,
418-19 (Tex. Crim. App. 1976). There is also testimony that appellant was at the scene
of the crime at the time it was committed by a person who was familiar with him. Although
it is true that there was alibi testimony, the evidence adduced was amply sufficient to be
within the jury's exclusive province to resolve any factual differences and to determine the
credibility of the testimony.

 In summary, we hold the evidence was legally and factually sufficient to sustain the
jury verdict. Accordingly, appellant's point of alleged error must be, and is hereby,
overruled. The judgment of the trial court is affirmed. 


 John T. Boyd

 Senior Justice

Do not publish.

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2005).