# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-02-00553-CR

**Carl Dooley, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
### NO. 3010341, HONORABLE MICHAEL J. MCCORMICK, JUDGE PRESIDING

## O P I N I O N

A jury found appellant Carl Dooley guilty of tampering with physical evidence. *See* Tex. Pen. Code Ann. § 37.09 (West 2003). The district court assessed his punishment, enhanced by a previous felony conviction, at ten years' imprisonment. Appellant now contends that the evidence is legally and factually insufficient to sustain the jury's verdict.[1] We will affirm.

The events giving rise to this prosecution occurred when police officers went to an Austin address to execute a parole violator warrant for appellant's sister, Linda Dooley. The building at this address housed a bait shop in the front and a residence in the rear. The officers saw

---

[1] Appellant's first court-appointed attorney filed a brief concluding that the appeal was frivolous. *See Anders v. California*, 386 U.S. 738 (1967). Appellant then filed a pro se brief indirectly challenging the sufficiency of the evidence. After examining the record, we concluded that this issue could not be regarded as frivolous. We therefore ordered the district court to appoint substitute counsel to brief this and any other issues counsel might consider meritorious. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).

a woman matching Linda Dooley's description enter the shop. At least three officers, who were dressed in civilian clothing but wearing vests identifying them as police, followed her in and were met by a bait shop employee. When the officers told him they were looking for Linda Dooley, the employee said he would have to speak with Dooley's mother. The officers followed the employee into the residential portion of the building.

As Officer Arthur Arevalo stood in the hallway of the residence, he heard voices coming from the bathroom. Arevalo looked through the partially opened bathroom door and saw a man identified as appellant sitting on the edge of the bathtub. Appellant had a floor tile in his lap and was cutting what appeared to be a rock of crack cocaine with a razor blade. The rock was about the size of a pinto bean. Arevalo motioned for Officer Mike Cowden. As he did so, the bathroom door opened, and a woman stepped outside holding a crack pipe. When she saw the officers, she yelled something to appellant and ran to a bedroom. As the officers entered the bathroom, appellant made a motion as if attempting to place the rock of cocaine in his mouth. Arevalo seized appellant's right hand, which held the cocaine. The two men struggled and fell into the bathtub. Appellant had something in his left hand that the officer first suspected was a weapon. It turned out to be a glass crack pipe that appellant smashed against the bathtub. After subduing appellant, the police were able to recover only a trace amount, two milligrams, of powder cocaine from the bathtub and appellant's fingers. They also seized pieces of glass from the crack pipe.

The indictment alleged that appellant, knowing that an investigation for possession of a controlled substance was in progress, destroyed or concealed the cocaine with the intent to impair its availability as evidence in the investigation. Tex. Pen. Code Ann. § 37.09(a)(1). In two points of error, appellant contends the evidence is legally and factually insufficient to support a

2

finding that an investigation of controlled substances possession was in progress, that he intended to impair such an investigation, or that the rock of cocaine was either destroyed or concealed by his actions.[2]

In determining the legal sufficiency of the evidence to support a criminal conviction, the question is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981). A factual sufficiency review asks whether a neutral review of all the evidence, both for and against the finding of guilt, demonstrates that the proof of guilt is either so obviously weak or so greatly outweighed by contrary proof as to undermine confidence in the jury's determination. *See Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).

*Investigation*

Appellant argues that when the officers burst into the bathroom, they were not engaged in a controlled substances investigation but were instead making a controlled substances arrest. Thus, appellant contends the State failed to prove either that he knew that a controlled

---

[2] After substitute counsel filed his brief, appellant complained to this Court that he did not want counsel, but instead wanted his pro se brief to be heard. In the pro se brief, appellant contends the evidence is insufficient to sustain his conviction but that his trial counsel ineffectively failed to preserve the error for review. Contrary to appellant's belief, the sufficiency of the evidence may be raised for the first time on appeal. *Givens v. State*, 26 S.W.3d 739, 740-41 (Tex. App.—Austin 2000, pet. ref'd). Appellant's contention that counsel was ineffective is therefore without merit. Appellant's pro se arguments regarding the sufficiency of the evidence add nothing to the arguments in counsel's brief.

3

substances investigation was in progress or that he intended to impair the availability of the cocaine as evidence in the investigation.

Contrary to the assumption implicit in appellant's argument, "arrest" and "investigation" are not mutually exclusive concepts. Officer Arevalo had probable cause to believe that appellant possessed cocaine and was clearly seeking to arrest him for that offense. But that does not mean that the investigation of this offense was complete. To the contrary, the suspect substance had to be seized and tested, and appellant's arrest was a necessary predicate to that stage of the investigation.

Appellant refers us to the opinion in *Lewis v. State*, 56 S.W.3d 617 (Tex. App.—Texarkana 2000, no pet.). In that case, Lewis was the passenger in a car stopped for an equipment offense. *Id*. at 618. Matters escalated when an officer noticed that Lewis was chewing something, and then saw a portion of a plastic bag sticking out of his mouth. *Id*. at 619. Two plastic bags were eventually removed from Lewis's mouth, one containing suspected marihuana and the other containing suspected cocaine. *Id*. Lewis's stomach was pumped and its contents included one gram of cocaine. *Id*. at 620. The court of appeals held that the evidence was sufficient to support Lewis's conviction for concealing evidence. *Id*. at 625-26. Among other things, the court held that an investigation was pending when Lewis concealed the evidence because he refused to spit out the cocaine or otherwise allow its removal from his mouth after being ordered to do so. *Id*.

Appellant argues that *Lewis* supports his proposed distinction between an investigation and an arrest, noting that the police in that case spent hours attempting to recover and identify the substance or substances Lewis placed in his mouth. In his own case, appellant argues,

4

Arevalo knew that he possessed crack cocaine and simply acted to arrest him, a process that took only seconds. We believe, contrary to appellant's argument, that *Lewis* supports the conclusion that a controlled substance investigation was ongoing when appellant crumbled the rock of crack cocaine. Like the officer in *Lewis*, Arevalo suspected that appellant possessed a controlled substance. While that suspicion was supported by probable cause, the substance could not be positively identified until it was seized and tested. Here, as in *Lewis*, it was necessary to arrest appellant in order to complete the investigation.

Appellant also cites the opinion in *Pannell v. State*, 7 S.W.3d 222 (Tex. App.—Dallas 1999, pet. ref'd). In that case, a police officer initiated a traffic stop after he observed Pannell driving in a school zone at an excessive speed. *Id*. at 223. After the officer turned on his emergency lights, he saw Pannell throw a cigarette out of his car window. *Id*. He then saw Pannell empty the contents of a small plastic bag through the window. *Id*. After Pannell stopped, he told the officer that he had thrown marihuana from the car. *Id*. The court of appeals reversed Pannell's conviction for destroying evidence, holding that at the time Pannell threw the marihuana from his car, the officer was investigating only a speeding violation. *Id*. at 224. Because no investigation in which the marihuana would serve as evidence was pending or in progress at the time he threw it from his car window, there was no evidence that Pannell destroyed the marihuana knowing that an investigation was in progress. *Id*.

*Pannell* is factually distinguishable from appellant's case. Although the police came to the residence to arrest a parole violator, the evidence shows that the officer who discovered

5

appellant in the bathroom immediately suspected that he was cutting crack cocaine. By the time appellant crumbled the rock of cocaine with his fingers, the officer had initiated his investigation of the suspected narcotics offense.

Finally, appellant urges that even if a drug investigation was underway, the evidence fails to show that he acted with the intention of impairing it. He notes that when he was first seen by Officer Arevalo, he was cutting the rock of crack cocaine with a razor blade. He asserts that he merely "continued his activity by breaking it up during the seconds it took to effect his arrest." In other words, appellant argues that when he crumbled the rock with his fingers, he was not trying to conceal or destroy the rock in order to impair the police investigation, but was merely continuing the process of cutting the rock that he began before the officers observed him. To support this argument, appellant cites this Court's opinion in *Hollingsworth v. State*, 15 S.W.3d 586 (Tex. App.—Austin 2000, no pet.).

In *Hollingsworth*, the defendant was seen by a police officer walking from the scene of a reported knife fight. *Id*. at 589. When the officer called for him to stop, Hollingsworth stepped behind a dumpster and spit two rocks of crack cocaine from his mouth. *Id*. at 590. There was testimony that users of crack cocaine commonly carry the substance in their mouths. *Id*. This Court held that the evidence was legally insufficient to support a conviction for concealing evidence. *Id*. at 595. The only relevant testimony showed that Hollingsworth was carrying the cocaine in his mouth because that is how it is commonly carried. *Id*. There was no evidence that Hollingsworth placed the cocaine in his mouth to conceal it from the police in order to impair its availability as evidence in an investigation. *Id*.

6

Once again, we find appellant's case to be distinguishable. The evidence shows that appellant was discovered by the police cutting a rock of crack cocaine into smaller pieces. There is no evidence that appellant intended, before the police arrived, to crumble the rock into a fine powder and scatter it in the bathtub, while at the same time smashing his glass pipe. Appellant's conduct cannot be characterized as routine behavior engaged in by all or most crack users.

Viewing all the evidence in the light most favorable to the conviction, a rational trier of fact could find beyond a reasonable doubt that a controlled substance investigation was in progress, that appellant knew the investigation was in progress, and that appellant crumbled the rock of cocaine intending to impair its availability as evidence in the investigation. Viewing all the evidence neutrally, the proof of these elements is neither so obviously weak nor so greatly outweighed by contrary proof as to undermine confidence in the jury's determination.

### Conceal or Destroy

Appellant also contends the State failed to prove that the rock of crack cocaine was destroyed or concealed within the meaning of section 37.09. He relies on this Court's opinion in *Spector v. State*, 746 S.W.2d 945 (Tex. App.—Austin 1988, pet. ref'd). In that case, a police officer found a marihuana cigarette in Spector's car after stopping her for speeding. *Id*. at 946. When the officer placed the cigarette on the trunk of her car, Spector seized it and tore it into pieces. *Id*. The officer recovered most of the pieces of the cigarette, and Spector was subsequently tried and convicted for both possessing marihuana and destroying evidence. This Court reversed Spector's conviction for the latter offense, holding that something is destroyed within the meaning of section

7

37.09(a)(1) when its evidentiary value is destroyed.  *Id.*  Although part of the cigarette was lost, the State did not contend that the recovered portions were untestable or insufficient to obtain a conviction for possession of the whole.  We concluded that the portions of the marihuana cigarette recovered by the police were not shown to have less evidentiary value than the whole, and hence the cigarette was not destroyed within the meaning of the statute.  *Id.*

In appellant's case, the police were able to recover only a trace amount of the cocaine appellant was seen possessing.  Most of this was destroyed in the course of chemical analysis, leaving only a few "little specks."  The State argues that appellant's actions reduced the evidentiary value of the cocaine because he could not be prosecuted for the actual weight of the pinto-bean-sized rock of cocaine he possessed.  *See* Tex. Health & Safety Code Ann. § 481.115 (b)-(f) (West 2003) (punishment ranges for possession of penalty group one substances).  Anticipating this argument, appellant asserts that there is no evidence that his actions reduced the weight of the cocaine because there is no evidence as to the weight of the rock in his possession.  Appellant's argument proves the State's point.  Because of appellant's actions, the State was unable to determine the actual weight of the cocaine he possessed, hence reducing the evidentiary value of the cocaine.

Viewing the evidence in the light most favorable to the verdict, the trace amount of powder cocaine recovered from the bathtub was shown to have less evidentiary value than the whole rock, and therefore the jury could rationally find beyond a reasonable doubt that appellant destroyed the rock of cocaine.  Viewing all the evidence neutrally, the proof of this element of the offense is neither so obviously weak nor so greatly outweighed by contrary proof as to undermine confidence

8

in the jury's determination.  Because the State proved that appellant destroyed the cocaine, we need

not decide if the evidence supports a finding that the cocaine was concealed.

The points of error are overruled, and the judgment of conviction is affirmed.


_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed

Filed:  March 11, 2004

Publish