# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00102-CR
## NO. 03-03-00103-CR

**Nemesio Gomez, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NOS. CR-01-473 & CR-02-632, HONORABLE CHARLES R. RAMSAY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In these causes, appellant Nemesio Gomez pleaded guilty to delivering less than one gram of cocaine and to possessing more than one gram of cocaine with intent to deliver. *See* Tex. Health & Safety Code Ann. §§ 481.112(a), (b), .115(a), (c) (West 2003). After finding that appellant had previous felony convictions, the court assessed prison terms of sixteen and twenty-five years, respectively. *See* Tex. Pen. Code Ann. § 12.42(a)(2), (d) (West Supp. 2004). The only issue appellant raises on appeal is whether the State proved his identity as the person previously convicted. We will affirm.

The State argues that these appeals should be dismissed for want of jurisdiction. Appellant pleaded guilty pursuant to an agreement placing an upper limit on the punishments to be assessed. When a defendant pleads guilty and the punishment does not exceed that recommended

by the prosecutor and agreed to by the defendant, the defendant may appeal only (1) those matters that were raised by written motion filed and ruled on before trial or (2) after getting the trial court's permission to appeal. Tex. R. App. P. 25.2(a)(2). The trial court certified that appellant's right of appeal is limited to matters raised by written motion and ruled on before trial. *See id*. rule 25.2(a)(2)(A), (d). Appellant and the State agree that this is incorrect. In fact, the record reflects that as part of the plea bargain in these causes, the court gave appellant permission to appeal the sentences. *See id*. rule 25.2(a)(2)(B). Appellant's right of appeal is therefore limited to those matters for which the trial court gave its permission to appeal.[1]

Appellant entered his pleas on November 18, 2002. On that date, appellant, his attorney, and the attorney for the State signed a written plea bargain agreement, admonishment, waiver of rights, and stipulation of evidence in each cause. The waiver of rights provided that "Defendant retains his right to appeal his sentence." Before accepting appellant's pleas, the court advised him, "[I]f I accept these plea agreements, you will not be able to appeal these cases without my permission, except on the enhancement issues. I will let you appeal on that and I'll decide that if I rule against you, but I will decide that at a punishment hearing." In other words, appellant would be permitted to appeal the "enhancement issues" if the court ruled against him at the punishment hearing.

That hearing was held on January 9, 2003. When the cases were called, the prosecutor told the court, "I spoke with [defense] counsel earlier and she said that her client's agreed

---

[1] Appellant does not contend that the identity issue was raised by written motion filed and ruled on before trial.

to stipulate with regard to his identity per the pen packets, but I believe they have some other objections that they're going to want to argue . . . ." After the pertinent penitentiary packets were marked as state's exhibits one and two, the prosecutor asked defense counsel "whether or not her client is stipulating that these pen packets do actually pertain to him with regard to his identity, that he is the person referred to in these documents." Counsel replied, "Your Honor, the defense does stipulate those pen packets do pertain to an individual by the name of Nemesio Gomez who bears the same fingerprints as what's contained in the pen packet and that they are the authentic documents from TDC."[2] The court approved the stipulation and admitted the exhibits in evidence. Defense counsel then made her arguments regarding the previous convictions alleged for enhancement:

> Exhibit 1 pertains to a conviction prior to 1985 and there's a concern that convictions back at that time, the indictment, they didn't allege the offense — every element of the offense, which in turn doesn't confer jurisdiction upon the trial court which would make that subject to null and void conviction . . . . And on that basis, we're going to object to you considering it as a prior conviction for enhancement purposes because our — our position is it's void.
>
> . . .
>
> Your Honor, on the second pen pack, which is State's Exhibit Number 2, we lodge a similar objection, that the Caldwell County aggravated assault conviction is void because it did not confer jurisdiction upon the [trial] Court and that indictment fails to specify manner and means . . . .

After giving the prosecutor an opportunity to respond, the court overruled these objections. The court then heard testimony from appellant and his daughter, during which no issue was raised as to

---

[2] Appellant's contention in these appeals is that this stipulation does not adequately identify him as the person previously convicted, and that the evidence is otherwise insufficient to prove his identity.

appellant's identity as the person previously convicted. In her concluding argument to the court, defense counsel conceded that "Mr. Gomez has had numerous infractions throughout his life" but asked the court to "consider finding more than one allegation of the enhancement not true based upon the fact that the underlying indictments are void for failing to confer jurisdiction . . . [and] consider a — a relatively light sentence." The court announced that it found the enhancement allegations to be true and imposed sentence in each cause.

We agree with the State that the only enhancement issue expressly raised by appellant and ruled on by the court was the contention that two of the previous convictions were void because of defective indictments. Appellant did not assert that he was not the person previously convicted. To the contrary, he appeared to stipulate to that fact. Although appellant now argues that he stipulated only that someone (not necessarily him) named Nemesio Gomez had been previously convicted, he never made this argument to the trial court. On the other hand, the State had the burden of proving the enhancement allegations beyond a reasonable doubt. *Ex parte Augusta*, 639 S.W.2d 481, 484-85 (Tex. Crim. App. 1982), *overruled on other grounds*, *Bell v. State*, 994 S.W.2d 173, 175 (Tex. Crim. App. 1999). To sustain this burden, the State had to show that appellant was the person previously convicted. *Beck v. State*, 719 S.W.2d 205, 210 (Tex. Crim. App. 1986). By finding the enhancement allegations to be true, the court implicitly ruled that the State satisfied that burden. A claim regarding the sufficiency of the evidence need not be preserved for appellate review at the trial level and is not forfeited by the failure to do so. *Rankin v. State*, 46 S.W.3d 899, 901 (Tex. Crim. App. 2001); *Givens v. State*, 26 S.W.3d 739, 741 (Tex. App.—Austin 2000, pet. ref'd).

Appellant is entitled to the benefit of his plea bargain. We conclude that appellant's challenge to the sufficiency of the enhancement evidence is within the scope of the trial court's permission to appeal. We now turn to the merits of appellant's contention.

The State alleged three convictions for enhancement of punishment in both causes: a 1977 conviction for felony driving while intoxicated in Travis County cause number 45,445; a 1987 conviction for aggravated assault in Caldwell County cause number 8328; and a 1992 conviction for felony driving while intoxicated in Gonzales County cause number 117-91. State's exhibit one was a properly authenticated penitentiary record for Nemesio Gomez, TDC number 265181, containing copies of Gomez's 1973 judgment of conviction and 1977 order revoking probation in Travis County cause number 45,445. The exhibit also contains the fingerprints and a photograph of inmate number 265181. Although the inmate number on the photograph is not clearly reproduced and is capable of being read, as appellant would read it, as number "785181," we must view the evidence in the light most favorable to the judgment. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981). By comparing appellant and this photograph, the trial court was capable of determining that the Nemesio Gomez convicted in Travis County cause number 45,445 was appellant. *See Littles v. State*, 726 S.W.2d 26, 32 (Tex. Crim. App. 1987) (op. on reh'g).

State's exhibit two was a properly authenticated penitentiary record for Nemesio Gomez, TDC number 469564, containing copies of Gomez's 1980 judgment of conviction and 1987 order revoking probation in Caldwell County cause number 8328, and Gomez's 1992 judgment of conviction in Gonzales County cause number 117-91. The exhibit also contains a fingerprint card

5

signed by Nemesio Gomez, inmate number 469564.  By comparing this signature with the substantially identical signature on the fingerprint card in State's exhibit one, the trial court could determine that the Nemesio Gomez convicted in Caldwell County cause number 8320 and Gonzales County cause number 117-91 was the same Nemesio Gomez convicted in Travis County cause number 45,445, that is, appellant.  *See* Tex. Code Crim. Proc. Ann. art. 38.27 (West 1979).

We hold that even if the contested stipulation is disregarded, the evidence is legally sufficient to support the finding that appellant was the person convicted in the three causes alleged for enhancement.  Appellant does not challenge the sufficiency of the State's enhancement proof in any other respect.  We therefore overrule his issue on appeal and affirm the judgments of conviction.

_____

Mack Kidd, Justice

Before Justices Kidd, Patterson and Puryear

Affirmed

Filed:   April 29, 2004

Do Not Publish

6