# NO. 12-15-00102-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DAVID CHARLES DAILEY,* *APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Appellant, David Charles Dailey, appeals his conviction for the offense of tampering with or fabricating physical evidence. He was sentenced to imprisonment for fifteen years. In two issues, Appellant contends the trial court erred in overruling his motion for mistrial, and that the evidence is insufficient to support his conviction for tampering with or fabricating physical evidence. We affirm.

## BACKGROUND

Appellant was the passenger in a vehicle stopped for a routine traffic violation by Texas Highway Patrol Trooper Randy Pitts. While Trooper Pitts talked to the driver, Brandon Finchum, Trooper Brandon Boulware engaged in a conversation with Appellant. Trooper Boulware smelled the odor of an alcoholic beverage coming from inside the car and noticed what he believed was an open container of an alcoholic drink in the vehicle. Boulware retrieved the container and placed it on the bumper of the stopped vehicle. He asked Appellant to get out of the vehicle so that he and Pitts could search it. During a pat down of Appellant, Trooper Boulware observed a clear plastic baggie in the front left pocket of Appellant's pants that Boulware believed contained more than a gram of a controlled substance. Boulware told Appellant that he was under arrest for possession of methamphetamines, placed Appellant in

handcuffs, and handed the baggie containing the controlled substance to Trooper Pitts. Trooper Boulware then placed Appellant in the front seat of the patrol car, and joined Pitts in the search of Finchum's vehicle.

Trooper Pitts placed the bag of methamphetamine in the middle of the center console between the driver and passenger seats in his patrol car, and adjusted the patrol car's video camera so that it would record Appellant's actions while he and Boulware searched the detained vehicle.

When Trooper Pitts returned to the patrol car, the sealed bag of methamphetamine was not on the console where he placed it. Instead, it lay between the passenger seat and the passenger door, its contents strewn on the patrol car carpet and side pocket of the passenger door. Using his hands and a manila envelope, Trooper Pitts retrieved what was possible from the rug of the patrol car and placed it back in the baggie. Pitts believed most of the methamphetamine had been lost. The DPS crime laboratory determined that the baggie with the amount recovered contained 0.07 grams of crystal methamphetamine.

The patrol car video shows Appellant repeatedly attempting to blow the baggie or its contents off the console. The video shows multiple attempts by Appellant, despite being handcuffed, to bring his arms to his left side, toward the console, in order to get the baggie.

Trooper Pitts testified, and the video confirmed, that no one had access to the interior of the patrol car during the time the troopers searched the stopped vehicle. The windows were rolled up and the doors were closed.

## EVIDENTIARY SUFFICIENCY

In his second issue, Appellant challenges the sufficiency of the evidence to support his conviction of tampering with or fabricating physical evidence.

## Standard of Review and Applicable Law

Appellate review of the sufficiency of the evidence requires that all of the evidence should be viewed in the light most favorable to the verdict in order to determine whether any rational trier of fact could have found all of the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 902 (Tex. Crim. App. 2010). Circumstantial evidence is as probative as direct evidence in establishing guilt, and

circumstantial evidence alone can be sufficient to establish guilt. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

A person commits an offense if the person knowingly or intentionally possesses a controlled substance listed in Penalty Group 1, unless the person obtained the substance directly from or under a valid prescription or order of a practitioner acting in the course of professional practice. TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2010). If the amount possessed is one gram or more but less than four grams, the offense is a third degree felony. TEX. HEALTH & SAFETY CODE ANN. § 481.115(c) (West 2010). Methamphetamine is included in Penalty Group 1. TEX. HEALTH & SAFETY CODE ANN. § 481.102(6) (West 2010).

A person commits an offense if, knowing that an investigation or official proceeding is pending or in progress, he alters, destroys, or conceals any record, document, or thing with the intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding. TEX. PENAL CODE ANN. § 37.09(a) (West Supp. 2015). As charged in this case, an offense under this subsection is a third degree felony. TEX. PENAL CODE ANN. § 37.09(c) (West Supp. 2015).

## Discussion

Trooper Boulware estimated that the baggie he took from Appellant contained a gram or more of the controlled substance. However, the weight of the substance seized by Boulware was never accurately determined. Trooper Pitts managed to retrieve 0.07 grams of the substance from the patrol car carpet. Appellant contends that "without an idea of the exact weight" of the substance when Trooper Boulware seized it, a conclusion that he altered, destroyed, or concealed the evidence would rest on mere speculation.

Appellant also argues that, although the trial testimony shows the methamphetamine was scattered on the floor of the patrol car, it does not establish that it was altered, destroyed, or concealed. All the contents of the baggie remained in the patrol car. The unaltered substance lay scattered about on or in the carpet of the car. Appellant argues that even if Trooper Pitts did not succeed in recapturing all of the methamphetamine from the patrol car rug, it remained in the patrol car available for retrieval using a less primitive method than Trooper Pitts employed.

The Austin court of appeals addressed this argument in *Dooley v. State*, 133 S.W.3d 374 (Tex. App.—Austin 2004, pet. ref'd). In *Dooley*, the appellant had crumbled a rock of cocaine in his hand while the police were attempting to arrest him. After subduing the appellant, the police

3

were able to recover only two milligrams of powder cocaine from the appellant's fingers and from the bathtub where he was sitting. *Id*. at 376. In *Dooley*, as in our case, the State argued that the appellant's actions reduced the evidentiary value of the cocaine because he could not be prosecuted for the actual weight of the pinto-bean-sized rock of cocaine he possessed. As in the instant case, the appellant asserted that there was no evidence that his action reduced the weight of the rock he possessed when arrested. *Id*. at 379. In rejecting the appellant's argument, the court of appeals said, "[A]ppellant's argument proves the State's point. Because of appellant's actions, the State was unable to determine the actual weight of the cocaine he possessed, hence reducing the evidentiary value of the cocaine." *Id*. The court of appeals held that the trace amount of powdered cocaine recovered had less evidentiary value than the whole rock and therefore the jury could rationally find beyond a reasonable doubt that the appellant destroyed the rock of cocaine. *Id*. at 379.

In the instant case, Trooper Pitts recovered as much of the methamphetamine as he could using the most practical means available to him. In Pitts's opinion, most of what had been in the baggie lay concealed and unrecoverable among the carpet fibers. When Appellant scattered the powdered substance among the carpet fibers on the floor, he rendered most of what had been in the baggie unrecoverable. He destroyed the evidentiary value of the unrecoverable portion. Appellant's action also destroyed that portion of the methamphetamine by rendering it useless for the purpose intended by its manufacturer and prospective user. *See Rabb v. State*, 434 S.W.3d 613, 616 (Tex. Crim. App. 2014); *Williams v. State*, 270 S.W.3d 140, 145-46 (Tex. Crim. App. 2008).

Appellant does not deny that he scattered the methamphetamine on the floor of the patrol car. Nor does he deny that a criminal investigation was in progress at the time.

There is ample evidence for a rational jury to find that Appellant concealed or destroyed the methamphetamine with the intent to impair its availability as evidence in a criminal investigation. Appellant's second issue is overruled.

## DENIAL OF MISTRIAL

In his first issue, Appellant maintains that the trial court reversibly erred in denying his motion for mistrial.

4

**Standard of Review and Applicable Law**

A trial court's denial of a motion for mistrial is reviewed under an abuse of discretion standard. *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999).

Mistrial is the appropriate remedy when error is so prejudicial that expenditure of further time and expense would be futile. *Id*. at 567. It is a remedy intended for extreme circumstances, when prejudice is incurable and less drastic alternatives have been explored. *Ocon v. State*, 284 S.W.3d 880, 884 (Tex. Crim. App. 2009). Mistrial is required only when the impropriety is clearly calculated to inflame the minds of the jurors and is of such a character as to suggest the impossibility of withdrawing the impression produced. *Hinojosa v. State*, 4 S.W.3d 240, 253 (Tex. Crim. App. 1999). When objectionable testimony is elicited, inadvertently or deliberately, an appellate court will ordinarily presume the jury will follow the trial court's curative instruction to disregard the objectionable testimony. *Ladd*, 3 S.W.3d at 567. In determining whether a prejudicial event was so harmful as to warrant reversal on appeal, the court considers (1) the severity of the misconduct, (2) the curative measures adopted to cure the misconduct, and (3) the certainty of conviction absent the misconduct. *See Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004).

**Discussion**

The patrol car video was shown to the jury. The video showed the stop, Appellant's arrest, his attempts to reach the baggie and blow its contents around the patrol car, and a conversation between Appellant and Trooper Pitts before Pitts placed Appellant in the back of the patrol car. The portion of the recording that showed Appellant's conversation with Pitts was muted so the jury could not hear it, because Appellant had not received a *Miranda* warning at the time he spoke to Pitts. In his direct examination of Trooper Pitts, the prosecutor went to great lengths in explaining to Pitts why he could not testify to what Appellant told him in that conversation.

> [Prosecutor]: All right. And we reviewed this video and we looked at this video. Once you have placed him under arrest, do you remember if anybody Mirandized him or what they call 3822, read him his warnings?
>
> [Trooper Pitts]: I didn't, no, sir.
>
> [Prosecutor]: Okay. And then, speaking of, I don't think Trooper Boulware [read him his Miranda warning], I don't see it in the video. So do you understand that might've been a mistake? To continue to talk to a Defendant, they have to be Mirandized, correct?

5

[Trooper Pitts]: Correct, they do.

[Prosecutor]: Okay. For that to be admissible in a courtroom, anything they said that would be used against them, they have to have that warning, correct?

[Trooper Pitts]: Correct.

[Prosecutor]: In this case it was a simple mistake. You thought that maybe [Trooper] Boulware had done it or, a lot of things are happening during this period of time?

[Trooper Pitts]: Correct.

[Prosecutor]: So at this point in time, I'm going to instruct you not to say any conversation that you had with the Defendant, okay. There will be the video playing. You can describe what you saw, what you felt, what your investigation led you to believe, but nothing in regards to what you asked the Defendant or anything the Defendant said to you. Does that make sense?

[Trooper Pitts]: Yes, sir.


Later in Pitts's examination, the prosecutor asked him to explain how the video showed Appellant blowing the methamphetamine off the console sending the methamphetamine around the patrol car. Then the prosecutor asked him, "How do you know that he [Appellant] intentionally or knowingly, based on your investigation, altered, destroyed, or tried to conceal the methamphetamine?" The trial court overruled Appellant's objection to the question. Despite the prosecutor's careful clarification of why Pitts could not testify to what Appellant told him, and Pitts's assurance that he knew and understood the law, in response to the prosecutor's question, Pitts stated, "Mr. Dailey later on admitted to me . . ." Before Trooper Pitts could finish his sentence, Appellant objected to the answer. The trial court sustained Appellant's objection and instructed the jury, "I'm going to instruct the jury to disregard any conversation that the trooper had with Mr. Dailey other than what has been already played on the video." The trial court denied Appellant's subsequent motion for mistrial.

The State attempts to minimize the severity of the damage done by a flagrant violation of *Miranda* by pointing out that Appellant's objection prevented Trooper Pitts from saying what Appellant admitted. However, the question's phrasing and the trooper's answer leave little room for any inference to be drawn from Pitts's response other than that Appellant had confessed to the crime charged. The prosecutor did not deliberately elicit the trooper's answer. He appears to have tried carefully to avoid it. But it was just such an abuse that *Miranda* sought to prevent. Even if inadvertent, Pitts's *Miranda* Rule violation was egregious.

Ordinarily, we must presume that the trial judge's instruction cured error. However, it is extremely doubtful that the trial judge's instruction could entirely foreclose the jurors' consideration of Appellant's apparent confession. However, this is not a close case.

The evidence against Appellant was overwhelming and uncontradicted. Absent the misconduct, Appellant's conviction was almost certain. Reversal is not warranted. *See Hawkins*, 135 S.W.3d at 77. Appellant's first issue is overruled.

## DISPOSITION

Having overruled Appellant's two issues, we *affirm* the trial court's judgment.

**BILL BASS**
Justice

Opinion delivered April 29, 2016.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

APRIL 29, 2016

NO. 12-15-00102-CR

**DAVID CHARLES DAILEY,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 217th District Court

of Angelina County, Texas (Tr.Ct.No. 2014-0700)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*