**Laura Hodnick SPECTOR, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 3–87–039–CR.**

Court of Appeals of Texas,
Austin.

March 16, 1988.

Rehearing Denied April 6, 1988.

Doran Williams, Elgin, for appellant.

Charles Penick, Criminal Dist. Atty., Forrest L. Sanderson, III, Asst. Criminal Dist. Atty., Bastrop, for appellee.

Before SHANNON, C.J., and GAMMAGE and CARROLL, JJ.

GAMMAGE, Justice.

Laura Hodnick Spector appeals from a judgment of conviction for destroying evidence. Tex.Pen.Code Ann. § 37.09(a)(1) (1974). The jury assessed punishment at 30 days in jail and $1000 fine. We will reverse the conviction and reform the judgment to show an acquittal.

Section 37.09 provides in pertinent part:

(a) A person commits an offense if, knowing that an investigation or official proceeding is pending or in progress, he:

(1) *alters, destroys,* or *conceals* any ... thing with intent to impair its verity, legibility, or availability as evidence ... (emphasis added).

The information charges that Spector "did *destroy* a thing, to wit: marihuana cigarette with intent to impair its availability as evidence." (Emphasis added.) Spector contends the evidence is insufficient to show she destroyed evidence because the contents of the cigarette were used to convict her for both this offense and another for possession of marihuana. The State concedes the *contents* of the cigarette were recovered, but argues the contents had lost

their identity as a cigarette and thus the cigarette was destroyed.

In determining the sufficiency of the evidence to support a criminal conviction, the question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1974); *Carlsen v. State*, 654 S.W.2d 444 (Tex.Cr.App.1983) (opinion on State's motion for rehearing).

The evidence viewed in the light most favorable to the prosecution is as follows. Spector was stopped for speeding by DPS trooper Sam Lovelace on September 19, 1986 in Bastrop County. Officer Lovelace approached Spector's car and smelled burnt marihuana. Lovelace asked Spector to step to the rear of her car and place her hands on the trunk. Lovelace then searched the car and found a marihuana cigarette. Lovelace walked to the rear of the car and placed the cigarette on the trunk. Spector then grabbed the cigarette, tore it in two and threw the pieces toward a ditch.

Jay Titlow, a friend of Lovelace's riding with the trooper that day, picked up what he could find of the cigarette and handed it to Lovelace for evidence. The recovered portion of the cigarette was used to convict Spector for possession of marihuana (*see* our opinion of this date in 746 S.W.2d 946).

We believe something is destroyed within the meaning of Penal Code § 37.09(a)(1) when its evidentiary value is destroyed. Form changes without a loss of evidentiary value are mere *attempts* to destroy or alterations. Spector was charged, however, not with an *attempt* to destroy, nor even with *altering* the evidence, but with destroying the evidence.

Although part of the contents were lost, the State alleged the whole cigarette was destroyed. We believe the only way evidence can be destroyed when part is recovered is when the part recovered has less evidentiary value than the whole. The State does not contend the remaining part of the cigarette was untestable or insufficient to obtain a conviction for possession of the whole. We conclude the evidentiary value of the cigarette was not so lost as to consider it destroyed. The State has failed to prove an essential element of the offense and the judgment of conviction is reversed.