TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00345-CR






Sean Ronald Hernandez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 48,594, HONORABLE MARTHA TRUDO, JUDGE PRESIDING







Appellant pleaded guilty and judicially confessed to an information accusing him
of destroying and concealing physical evidence. See Tex. Penal Code Ann. § 37.09(a)(1) (West
1994). The district court assessed punishment at imprisonment for ten years.

In two points of error, appellant contends he did not receive the effective assistance
of trial counsel to which he was entitled under the federal and state constitutions. U.S. Const.
Amend. VI; Tex. Const. art. I, § 10. To prevail on this claim, appellant must show that counsel
made such serious errors that he was not functioning effectively as counsel and that these errors
prejudiced the appellant's defense to such a degree that he was deprived of a fair trial. Strickland
v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App.
1986); O'Hara v. State, 837 S.W.2d 139, 143 (Tex. App.--Austin 1992, pet. ref'd); Moore v.
State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). 

The affidavit in support of the information states that appellant was seen throwing
a small plastic bag from the window of a car. The bag was recovered and contained a "trace
amount" of a substance the officer believed was marihuana. Appellant contends his trial counsel
was ineffective because he did not advise appellant to plead not guilty and put the State to the
burden of proving the allegations made in the information. Appellant reasons that because the
plastic bag containing marihuana was recovered, the State could not prove that he destroyed or
concealed evidence. See Spector v. State, 746 S.W.2d 945 (Tex. App.--Austin 1988, no pet.)
(evidence defendant tore marihuana cigarette in half, but marihuana was recovered, did not sustain
conviction for destroying evidence).

A defendant asserting an ineffective assistance claim must overcome a strong
presumption that counsel's conduct fell within the wide range of reasonable professional
assistance. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). This burden is made
more difficult when, as in this cause, this issue was not raised in a motion for new trial and there
is no record focused on the conduct of counsel. Id. at 772 (Baird, J., concurring). While we
know what was stated in the supporting affidavit, we do not know why appellant chose to plead
guilty. We do not know whether other incriminating facts were disclosed to counsel by the
prosecutors, or if there were other considerations that caused counsel to recommend a guilty plea. 
In fact, there is no evidence that counsel advised appellant to plead guilty at all, or that appellant's
decision to enter his plea was based entirely or in significant part on counsel's advice that he do
so. In short, appellant has not met his burden of demonstrating that his attorney was not
functioning effectively as counsel.

The points of error are overruled and the judgment of conviction is affirmed.



 

 Lee Yeakel, Chief Justice

Before Chief Justice Yeakel, Justices Jones and B. A. Smith

Affirmed

Filed: October 22, 1998

Do Not Publish


Sean Ronald Hernandez, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 48,594, HONORABLE MARTHA TRUDO, JUDGE PRESIDING







Appellant pleaded guilty and judicially confessed to an information accusing him
of destroying and concealing physical evidence. See Tex. Penal Code Ann. § 37.09(a)(1) (West
1994). The district court assessed punishment at imprisonment for ten years.

In two points of error, appellant contends he did not receive the effective assistance
of trial counsel to which he was entitled under the federal and state constitutions. U.S. Const.
Amend. VI; Tex. Const. art. I, § 10. To prevail on this claim, appellant must show that counsel
made such serious errors that he was not functioning effectively as counsel and that these errors
prejudiced the appellant's defense to such a degree that he was deprived of a fair trial. Strickland
v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App.
1986); O'Hara v. State, 837 S.W.2d 139, 143 (Tex. App.--Austin 1992, pet. ref'd); Moore v.
State, 694 S.W.2d 528, 531 (Tex. Crim. App. 1985). 

The affidavit in support of the information states that appellant was seen throwing
a small plastic bag from the window of a car. The bag was recovered and contained a "trace
amount" of a substance the officer believed was marihuana. Appellant contends his trial counsel
was ineffective because he did not advise appellant to plead not guilty and put the State to the
burden of proving the allegations made in the information. Appellant reasons that because the
plastic bag containing marihuana was recovered, the State could not prove that he destroyed or
concealed evidence. See Spector v. State, 746 S.W.2d 945 (Tex. App.--Austin 1988, no pet.)
(evidence defendant tore marihuana cigarette in half, but marihuana was recovered, did not sustain
conviction for destroying evidence).

A defendant asserting an ineffective assistance claim must overcome a strong
presumption that counsel's conduct fell within the wide range of reasonable professional
assistance. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). This burden is made
more difficult when, as in this cause, this issue was not raised in a motion for new trial and there
is no record focused on the conduct of counsel. Id. at 772 (Baird, J., concurring). While we
know what was stated in the supporting affidavit, we do not know why appellant chose to plead
guilty. We do not know whether other incriminating facts were disclosed to counsel by the
prosecutors, or if there were other considerations that caused counsel to recommend a guilty plea. 
In fact, there is no evidence that counsel advised appellant to plead guilty at all, or that appellant's
decision to enter his plea was based entirely or in significant part on counsel's advice that he do
so. In short, appellant has not met his burden of demonstrating that his attorney was not
functioning effectively as counsel.

The points of error are overruled and the judgment of conviction is affirmed.