# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00035-CR

**Roy Joe Bailey, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF HARRIS COUNTY, 337TH JUDICIAL DISTRICT
## NO. 808,081, HONORABLE ROBERT D. JONES, JUDGE PRESIDING

Appellant Roy Joe Bailey was charged with tampering with physical evidence. *See* Tex. Penal Code Ann. § 37.09 (West Supp. 2001). A jury found Bailey guilty of the offense, and after Bailey pleaded true to two enhancement paragraphs, the trial court sentenced him to thirty-three years in the Institutional Division of the Texas Department of Criminal Justice, pursuant to a plea agreement. On appeal, Bailey complains that the trial court erred by amending the indictment on the day of trial and that the evidence is legally and factually insufficient to support the conviction. We affirm the conviction.

## BACKGROUND

Officer Brian Seidel, a deputy with the Harris County Sheriff's Office, testified that on March 17, 1999, at approximately 2:20 in the afternoon, he was patrolling a known heavy

narcotics area when he noticed a vehicle stopped in the roadway in a moving lane of traffic. Appellant and two other males were standing outside the vehicle. When Seidel passed by the vehicle a second time, appellant was driving the car and Seidel noticed the vehicle's registration had expired. Seidel turned on his lights to stop the vehicle, and appellant eventually complied. Upon Seidel's request, appellant exited the vehicle, displaying a syringe cap on the driver's seat. Suspecting the presence of narcotics in the car, Seidel placed appellant in the back seat of his patrol car, but did not handcuff him. Seidel then returned to appellant's car to speak to the passengers and noticed a black bag on the front seat with a green leafy substance inside that Seidel recognized as marihuana. He took the marihuana to his patrol car and placed it on the dashboard. At that point, Seidel informed appellant that he was under arrest, but still did not handcuff him.

Seidel then returned to appellant's car to conduct an inventory search. During that search, he discovered a black bag on the front passenger floorboard, with a white powdered substance inside that he suspected was cocaine. He also found money in the bag and two syringes in the trunk. The cocaine was inside a plastic baggie placed in a coin purse inside the larger black bag. Seidel returned to his patrol car and put the black bag on the driver's seat before returning to appellant's vehicle to continue the inventory search. When Seidel returned to his patrol car and opened the black bag to field test its contents, he found that the white powdered substance was gone. At that point, Seidel ordered appellant out of the patrol car and handcuffed him. As appellant stepped out, Seidel noticed that appellant's pants were unbuttoned and slipped down. He also saw some powder on the back seat of his patrol car; he recovered the powder from the back seat, as well as from underneath

2

the seat and placed it in a baggie. He then notified Sergeant Danny Billingsley about the situation and requested his assistance.

As he waited for Billingsley to arrive, Seidel returned appellant to the patrol car. Appellant then began having seizures. Once Billingsley arrived, an ambulance was dispatched, and appellant was transported to the hospital. Billingsley followed appellant to the hospital, while Seidel stayed behind to finish his search.

Billingsley testified that at the hospital, he was present when emergency room personnel found a plastic baggie protruding from appellant's rectum. The baggie appeared to have a trace amount of cocaine in it. The baggie was later tested and determined to have less than ten milligrams of cocaine in it. The hospital records reflected that appellant tested positive for cocaine and cannabanoid, and the cause of his seizures was diagnosed as "cocaine ingestion."

## DISCUSSION

By his first issue, appellant complains that the trial court erred by amending the indictment on the day the trial commenced, over his objection. On the first day of trial, the trial judge amended the indictment by correcting the spelling of the word "March."[1]

---

[1] It appears as if March had originally been spelled "MARCY."

Article 28.10 of the Code of Criminal Procedure[2] governs amendment of indictments and provides that amendments may be made at any time before the trial commences so long as the defendant is allowed ten days to respond to the amendment, if requested. Tex. Code Crim. Proc. Ann. art. 28.10(a) (West 1989). An indictment may not be amended once the trial has commenced if the defendant objects to the amendment. *Id.* art. 28.10(b). In addition, an amendment may not be made on the date of trial before the trial has begun. *Sodipo v. State*, 815 S.W.2d 551, 556 (Tex. Crim. App. 1991) (op. on reh'g).

Assuming the trial court erred in this case by amending the indictment on the day of the trial, we must conduct a harm analysis. We will disregard the error unless we conclude that it affected appellant's substantial rights. Tex. R. App. P. 44.2; *Wright v. State*, 28 S.W.3d 526, 531-32 (Tex. Crim. App. 2000), *cert. denied*, 121 S. Ct. 885 (2001).

---

[2] Article 28.10 reads as follows:

Art. 28.10. Amendment of indictment or information

(a) After notice to the defendant, a matter of form or substance in an indictment or information may be amended at any time before the date the trial on the merits commences. On the request of the defendant, the court shall allow the defendant not less than 10 days, or a shorter period if requested by defendant, to respond to the amended indictment or information.

(b) A matter of form or substance in an indictment or information may also be amended after the trial on the merits commences if the defendant does not object.

(c) An indictment or information may not be amended over the defendant's objection as to form or substance if . . . the substantial rights of the defendant are prejudiced.

Tex. Code Crim. Proc. Ann. art. 28.10 (West 1989).

In this case, the trial court corrected a typographical error in the indictment by correcting one letter in the spelling of the month in which the charged offense was alleged to have occurred. Even without the correction, however, there was ample information in the indictment from which appellant could have gleaned the date the offense was alleged to have occurred. First, the date was not so misspelled as to render it unidentifiable or capable of being mistaken for another month. In addition, the indictment reflects that appellant was arrested on "3/17/99," and the underlying complaint contains the correct spelling of "March." Moreover, appellant's attorney filed motions for psychiatric examinations and in them, she noted the date of the alleged offense as March 17, 1999. Thus, appellant's counsel was not confused by the misspelling of the word March. The indictment otherwise alleged the charged offense with sufficient specificity by including the correct county, court, offense, cause number, date and year to put appellant on notice to prepare his defense. We conclude appellant's substantial rights were not affected and overrule his first issue.

By his second and third issues, appellant challenges the legal and factual sufficiency of the evidence. To determine the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the verdict and ask if any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin v. State,* 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981). Review of a factual-sufficiency complaint requires us to consider all of the evidence without regard to whether the evidence is favorable to either the State or the appellant. *See Clewis v. State,* 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). We are to weigh the evidence equally, maintaining appropriate deference to the jury's verdict. *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App.

5

1997). We may find the evidence factually insufficient only when the record clearly indicates that the verdict is wrong and manifestly unjust. *Id.*; *Clewis*, 922 S.W.2d at 135. The standard of review is the same for both direct and circumstantial evidence cases. *King v. State*, 895 S.W.2d 701, 703 (Tex. Crim. App. 1995); *Green v. State*, 840 S.W.2d 394, 401 (Tex. Crim. App. 1992). The State may prove its case by circumstantial evidence so long as it proves all of the elements of the charged offense beyond a reasonable doubt. *Easley v. State*, 986 S.W.2d 264, 271 (Tex. App.—San Antonio 1998, no pet.) (citing *Jackson*, 443 U.S. at 319).

The jury is the exclusive judge of the facts to be proven, the weight to be given the testimony, and the credibility of the witnesses. Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Alvarado v. State*, 912 S.W.2d 199, 207 (Tex. Crim. App. 1993). The jury may accept or reject any or all of the evidence presented by either party. *Saxton v. State*, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991). The jury is free to draw reasonable inferences from basic facts to ultimate facts. *Welch v. State*, 993 S.W.2d 690, 693 (Tex. App.—San Antonio 1999, no pet.); *Hernandez v. State*, 939 S.W.2d 692, 693 (Tex. App.—Fort Worth 1997, pet. ref'd).

Appellant argues there was no evidence that he ingested the missing cocaine. He posits that because a syringe was found in his car, this indicated he was an intravenous drug user and that he could have had cocaine in his system due to his use of it earlier in the evening. He further points out that no cocaine was found on his mouth or person after Seidel discovered the plastic bag of cocaine was missing.

Although the presence of the syringe suggests that appellant could have used cocaine prior to the stop, the State presented evidence from which a jury could conclude that appellant also

ingested additional cocaine after he was placed in Seidel's patrol car. First, Seidel estimated that the baggie that he recovered from appellant's car initially contained between three and four grams of cocaine. After Seidel placed the bag on the front seat of his car, the cocaine disappeared; appellant was the only person in the vehicle at the time. The jury was also allowed to examine Seidel's vehicle to determine if it was possible for appellant to reach the bag containing the cocaine, which was placed on the front seat of the car, from the back seat. In addition, Seidel testified that cocaine was found on the back seat of his patrol car. Although there was no cocaine found in appellant's mouth or on his person, a baggie containing cocaine residue was found protruding from his rectum, further evidence that he obtained and emptied the baggie that had been on the front seat. Furthermore, appellant did not go into convulsions until after Seidel discovered the cocaine was missing, and the hospital records indicate that appellant was diagnosed with cocaine ingestion. While circumstantial, this evidence is sufficient to support the jury's finding that appellant tampered with the cocaine.

Relying on *Spector v. State*, 746 S.W.2d 945 (Tex. App.—Austin 1988, no pet.),[3] appellant further argues that because Seidel was able to recover the cocaine that was spilled onto the back seat of the patrol car, it was not altered, destroyed, or concealed; the cocaine remained in plain view and its evidentiary value was not destroyed. Seidel testified that when he first opened the black bag containing the cocaine, he observed about three or four grams of cocaine. However, the cocaine

_____

[3] In *Spector v. State*, 746 S.W.2d 945 (Tex. App.—Austin 1988, no pet.), the defendant was stopped for speeding. The arresting officer conducted a search of the vehicle after smelling burnt marihuana and discovered a marihuana cigarette. He placed the cigarette on the trunk of the defendant's car; the defendant grabbed the cigarette, tore it in two, and threw the two pieces in a ditch. This Court concluded that the defendant's actions did not result in the loss of the evidentiary value of the cigarette since the State was able to convict her for marihuana possession, and therefore the evidence was insufficient to support a conviction for destroying evidence. *Id.* at 946.

that Seidel was able to recover from the back seat of his vehicle and from underneath the seat amounted to only 0.06 grams. The cocaine residue that was recovered from the baggie found protruding from appellant's rectum totaled less than ten milligrams. Furthermore, the hospital records indicated that appellant had swallowed eight balls of crack, a large quantity of cocaine. Thus, sufficient evidence was presented for the jury to determine that appellant destroyed enough evidence to avoid prosecution for a third degree felony. *See id.* at 946 (holding evidence is destroyed when evidentiary value is destroyed); *compare* Tex. Health & Safety Code Ann. § 481.115(c) (West Supp. 2001) (possession of controlled substance weighing between one and four grams is third degree felony) *with id.* § 481.115(b) (possession of less than one gram of controlled substance is state jail felony).

Moreover, unlike in *Spector*, here appellant was charged with destroying, concealing, or altering evidence. The defendant in *Spector* was accused only of destroying evidence, not concealing or altering it. Thus, even if we were to agree that insufficient evidence exists to establish that appellant destroyed evidence, there is sufficient evidence to conclude that appellant concealed or altered it. By placing the cocaine in his mouth or rectum, appellant concealed the cocaine. *See Duncan v. Board of Disciplinary Appeals*, 898 S.W.2d 759, 761 (Tex. 1995) (defining conceal as "[t]o hide, secrete, or withhold from the knowledge of others") (citing Black's Law Dictionary 261 (5th ed. 1979)); *Anzaldua v. State*, 696 S.W.2d 911, 912 (Tex. Crim. App. 1985) (same); *Hollingsworth v. State*, 15 S.W.3d 586, 595 (Tex. App.—Austin 2000, no pet.) (holding under section 37.09, defendant must have concealed cocaine with intent to impair its availability as evidence in investigation). And because appellant reduced the amount of cocaine initially discovered by Seidel,

8

he altered the evidence. *See Spector*, 746 S.W.2d at 946 (holding form changes without a loss of evidentiary value are mere attempts to destroy or *alterations*). We hold that this evidence is both legally and factually sufficient to support appellant's conviction and overrule his second and third issues.

## CONCLUSION

Having overruled all of appellant's issues, we affirm the trial court's judgment of conviction.

_____

Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed:   July 26, 2001

Do Not Publish