In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-06-103 CR


____________________



ARTHUR LEE WILLIAMS, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 221st District Court


Montgomery County, Texas


Trial Cause No. 05-07-05992-CR






MEMORANDUM OPINION


 A jury convicted appellant Arthur Lee Williams of tampering with physical evidence. 
See Tex. Pen. Code Ann. 37.09(a)(1) (Vernon 2003). The trial court assessed punishment
at twenty-five years of confinement. Williams filed this appeal, in which he presents seven
issues for our review. We affirm.

Background


 At the hearing on Williams's motion to suppress, Officer Michael Stowe testified that
he was patrolling a high crime area of Conroe when he approached an illegally-parked
vehicle in which Williams was a passenger. When Officer Stowe looked inside the vehicle,
he saw Williams furtively reaching into his waistband, and Officer Stowe believed Williams
was attempting to conceal something. Officer Stowe asked the driver to get out of the
vehicle, and he performed a Terry frisk on the driver. Officer Stowe testified that he then
asked Williams to get out of the car, and "[t]he first thing I did was reached to his front
waistband area and checked that to make sure there was nothing that could harm me
immediately that he could reach and then I pulled him back and did a weapons pat down." 
 Officer Stowe testified that after he checked Williams's waistband at the side of the
car, he took Williams to the back of the vehicle and continued frisking him. While Officer
Stowe was patting Williams down, he saw something fall out of the bottom of Williams's
pants. Officer Stowe testified, "I observed a small glass tube about 2½ inches long which
I knew to be a crack pipe, given the burnt end of it and the copper wire mesh stuffed into that
end of it." Officer Stowe testified that as he looked down and saw the crack pipe, Williams
also looked down, and Williams pulled away, stepped forward, and destroyed the crack pipe
by stepping on it. Officer Stowe testified, "I tried to pull [Williams] back off of it and he
continued to try to pull away from me and continue to step on . . . the pipe." The State then
introduced a DVD of the traffic stop.

 The trial court denied Williams's motion to suppress, and the case proceeded to trial. 
Officer Stowe was the sole witness at trial, and he offered essentially the same testimony he
had offered at the hearing on Williams's motion to suppress. The pieces of the crack pipe
Officer Stowe recovered were admitted into evidence. The trial court also admitted the DVD
of the traffic stop into evidence, and the State played the DVD for the jury. The State then
rested, and after Williams's counsel unsuccessfully moved for an instructed verdict, the
defense rested. The jury convicted Williams of tampering with physical evidence, and the
trial court assessed punishment at twenty-five years of confinement. Williams then filed this
appeal.

Issues One and Three


 In issues one and three, Williams asserts the evidence is legally and factually
insufficient to establish that he knew the crack pipe was evidence in a criminal investigation
that was "in progress." We address these issues together. In reviewing issues of legal
sufficiency, an appellate court views the evidence in the light most favorable to the verdict
to determine whether a rational fact finder could have found each element of the offense
beyond a reasonable doubt. Swearingen v. State, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003);
Conner v. State, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001) (citing Jackson v. Virginia, 443
U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). When addressing issues of factual
sufficiency, the appellate court asks whether "a neutral review of all the evidence, both for
and against the finding, demonstrates that the proof of guilt is so obviously weak as to
undermine confidence in the jury's determination, or the proof of guilt, although adequate
if taken alone, is greatly outweighed by contrary proof." Johnson v. State, 23 S.W.3d 1, 11
(Tex. Crim. App. 2000); see also King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000). 
An appellate court "must give due deference to the fact finder's determinations concerning
the weight and credibility of the evidence and will reverse the fact finder's determination
only to arrest the occurrence of a manifest injustice." Swearingen, 101 S.W.3d at 97. When
reviewing the sufficiency of the evidence after a jury trial, we consider all of the evidence
presented, whether properly or improperly admitted. Rodriguez v. State, 819 S.W.2d 871,
873 (Tex. Crim. App. 1991). It is the sole province of the jury to determine the credibility
of witnesses. Tex. Code Crim. Proc. Ann. arts. 36.13, 38.04 (Vernon 1979); Cain v. State,
958 S.W.2d 404, 408-09 (Tex. Crim. App. 1997).

 Section 37.09(a)(1) of the Penal Code provides, in pertinent part, that "A person
commits an offense if, knowing that an investigation or official proceeding is pending or in
progress, he: (1) alters, destroys, or conceals any . . . thing with intent to impair its verity,
legibility, or availability as evidence in the investigation or official proceeding[.]" Tex. Pen.
Code Ann. § 37.09(a)(1) (Vernon 2003). Here, the indictment alleged that Williams knew
the pipe was evidence in an investigation that was in progress.

 Williams argues that because the facts of his case are similar to those in Pannell v.
State, 7 S.W.3d 222, 223 (Tex. App.--Dallas 1999, pet. ref'd), and Lumpkin v. State, 129
S.W.3d 659, 663 (Tex. App.--Houston [1st Dist.] 2004, pet. ref'd), those cases govern our
analysis. We disagree. In Pannell, a police officer who was attempting to stop Pannell for
speeding saw Pannell throw what appeared to be a cigarette out of the window. Pannell, 7
S.W.3d at 223. The officer also saw Pannell empty a baggie from the car window. Id. After
the officer stopped Pannell, Pannell admitted that he had thrown a marijuana cigarette from
his window, and that the plastic bag he emptied had contained marijuana. Id. The Court of
Appeals reasoned that when Pannell threw the marijuana from his car, the officer was merely
investigating a speeding violation and, therefore, the marijuana would not have been
evidence in any investigation that was in progress. Id. at 224. Similarly, in Lumpkin, the
Court of Appeals held that when an officer approached a vehicle after a traffic stop and
observed the driver ingesting a white substance, an investigation for narcotics was not "in
progress." Lumpkin, 129 S.W.3d at 663. Neither case involved the situation presented here,
i.e., the discovery of drug paraphernalia during a Terry frisk for weapons.

 Officer Stowe testified that both he and Williams looked down when the crack pipe
fell from Williams's pants during the weapons frisk. When the crack pipe fell from
Williams's pants, the investigation expanded beyond a mere check for weapons. See
generally Minnesota v. Dickerson, 508 U.S. 366, 373-75, 113 S.Ct. 2130, 124 L.Ed.2d 334
(1993) (Police may seize nonthreatening contraband detected during a properly-conducted
Terry frisk.). During the traffic stop, Officer Stowe had observed Williams making furtive
gestures near his waistband, and he had seen a crack pipe fall from Williams's pants during
the weapons frisk. The jury could have reasonably inferred that when Williams stepped on
the crack pipe, an investigation for drugs and/or drug paraphernalia was in progress. 
Viewing the record in the light most favorable to the verdict, a rational jury could have
concluded beyond a reasonable doubt that Williams knew the crack pipe was evidence in a
criminal investigation that was "in progress" when he stepped on the pipe and destroyed it. 
See Tex. Pen. Code Ann. § 37.09(a)(1). Furthermore, considering all of the evidence in a
neutral light, the jury was rationally justified in finding beyond a reasonable doubt that
Williams knew the crack pipe was evidence in a criminal investigation that was in progress. 
See id. The evidence supporting the verdict is not so weak that the burden of proof could not
be met. We overrule issues one and three.

Issues Two and Four


 In issues two and four, Williams argues the evidence was legally and factually
insufficient to prove that he "destroyed" the crack pipe as alleged in the indictment. We
address these issues together. Williams maintains that he did not "destroy" the crack pipe
because the pipe's evidentiary value was not destroyed. See Tex. Pen. Code Ann. 
§ 37.09(a)(1). Williams relies upon Spector v. State, 746 S.W.2d 945 (Tex. App.--Austin
1988, no pet.), which he quotes for the propositions that "something is destroyed within the
meaning of Penal Code § 37.09(a)(1) when its evidentiary value is destroyed" and "the only
way evidence can be destroyed when part is recovered is when the part recovered has less
evidentiary value than the whole." Id. at 946. Williams asserts that the pipe's evidentiary
value was not destroyed because the pieces of the pipe were admitted into evidence and
published to the jury. In Spector, a drug possession case, the Court of Appeals held that the
evidentiary value of a marijuana cigarette that was torn in two and thrown into a ditch was
not so lost as to consider the cigarette destroyed. Id. The contents of the cigarette were
recovered and used to convict the appellant. Id. at 945. In the case sub judice, the crack pipe
was shattered into fragments of glass and a filter. In fact, because the crack pipe was no
longer recognizable, the State demonstrated to the jury what an intact crack pipe looks like
by showing the jury a different crack pipe. Despite the fact that Officer Stowe saw the pipe
when it was whole and identified the pieces of glass and filter as the remnants of the pipe,
the parts recovered had less evidentiary value than the whole. See id. at 946. We overrule
issues two and four.

Williams's Seventh Issue


 In his seventh issue, Williams asserts the trial court erred by denying his motion to
suppress. Specifically, Williams argues that Officer Stowe's detention and search are "not
reasonably related to the purpose of the original detention, a traffic stop," and the pipe "was
only located when Officer Stowe searched [Williams] a second time." We review the trial
court's ruling on a motion to suppress for abuse of discretion. Long v. State, 823 S.W.2d
259, 277 (Tex. Crim. App. 1991). If the trial court's ruling is supported by the record, we
will not overturn it on appeal. Brooks v. State, 76 S.W.3d 426, 430 (Tex. App.--Houston
[14th Dist.] 2002, no pet.). The trial court is the sole judge of the weight and credibility of
the evidence at a suppression hearing. Wood v. State, 18 S.W.3d 642, 646 (Tex. Crim. App.
2000). We afford almost total deference to the trial court's determination of the historical
facts that depend on credibility and demeanor, but we review de novo the trial court's
application of the law to the facts if resolution of those ultimate questions does not turn on
evaluation of credibility and demeanor. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim.
App. 1997).

 If, while investigating a traffic violation, an officer develops reasonable suspicion that
another violation has occurred, the scope of the initial investigation expands to include the
new offense. See Sims v. State, 98 S.W.3d 292, 295-97 (Tex. App.--Houston [1st Dist.]
2003, pet. ref'd); Mohmed v. State, 977 S.W.2d 624, 628 (Tex. App.--Fort Worth 1998, pet.
ref'd). Officer Stowe testified that he frisked Williams at the side of the car and the back of
the car. Officer Stowe testified that his pat down of Williams at the back of the car was
simply a "more thorough" Terry frisk, which included Williams's entire body rather than just
his waist. Officer Stowe testified that it was during the more thorough Terry frisk that the
crack pipe fell from Williams's pants. The trial court was free to believe Officer Stowe's
testimony. See Luckett v. State, 586 S.W.2d 524, 527 (Tex. Crim. App. 1979) (Trial court,
as finder of fact at the suppression hearing, may choose to believe or disbelieve any or all of
the testimony.). In addition, the DVD of the stop corroborated Officer Stowe's testimony. 
When Officer Stowe saw the crack pipe fall from Williams's pants during the Terry frisk,
the scope of that weapons investigation expanded to include offenses related to drugs and
drug paraphernalia. See generally Sims, 98 S.W.3d at 295-97; Mohmed, 977 S.W.2d at 628. 
The trial court did not err in denying Williams's motion to suppress. We overrule issue
seven.

Issues Five and Six


 In issues five and six, Williams argues that the trial court erred in failing to submit his
requested instructions defining the terms "destroyed" and "knowledge" to the jury. We
address these issues together. Williams requested that the jury be instructed that
"[s]omething is destroyed within the meaning of the law applicable to this case when its
evidentiary value is destroyed" and "a person must be aware that an item destroyed was
evidence in the investigation that was actually under way at the time of the person's alleged
actions." The trial court denied both requested instructions.

 The trial court must give the jury "a written charge distinctly setting forth the law
applicable to the case; not expressing any opinion as to the weight of the evidence, not
summing up the testimony, discussing the facts or using any argument in his charge
calculated to arouse the sympathy or excite the passions of the jury." Tex. Code Crim.
Proc. Ann. art. 36.14 (Vernon Supp. 2006). Section 37.09 of the Penal Code does not
define "destroyed" or "knowledge." See Tex. Pen. Code Ann. § 37.09. Therefore, these
terms are given their plain meaning. Mattox v. State, 874 S.W.2d 929, 932 (Tex. App.--Houston [1st Dist.] 1994, no pet.) (The trial court's charge need not define terms that are not
statutorily defined, and terms that are not statutorily defined are given their plain meaning.). 
Furthermore, the trial court's charge included a full definition of "knowingly" or "with
knowledge." See Tex. Pen. Code Ann. § 6.03(b) (Vernon 2003). The trial court did not err
in denying Williams's requested instructions. We overrule issues five and six and affirm the
trial court's judgment.

 AFFIRMED. 

 

 

 STEVE McKEITHEN

 Chief Justice


Submitted on November 29, 2006

Opinion Delivered February 7, 2007

Do Not Publish


Before McKeithen, C.J., Gaultney and Horton, JJ.