**Clinton Shane STEWART, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 04–06–00488–CR.

Court of Appeals of Texas,
San Antonio.

Jan. 10, 2007.

Discretionary Review Granted
June 6, 2007.

Kevin R. Madison, Law Office of Kevin R. Madison, Terry Keel, Keel & Nassour LLP, Austin, for appellant.

E. Bruce Curry, Dist. Atty., Kerrville, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, PHYLIS J. SPEEDLIN, Justice, REBECCA SIMMONS, Justice.

## MEMORANDUM OPINION

Opinion by PHYLIS J. SPEEDLIN, Justice.

Clinton Shane Stewart appeals his conviction for tampering with physical evidence. We affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

On May 13, 2004, Stewart, a police officer for the City of Fredericksburg, stopped Roxanne Lavender for a traffic violation. After conducting a consent search of her vehicle, Stewart detained her for possession of marihuana. Stewart seized approximately one-half of one ounce of marihuana consisting of several "buds" in a baggie. Stewart transported Lavender to the Gillespie County Jail for questioning to determine whether she had knowledge of drug trafficking activity in Gillespie County, and could assist the police as a confidential informant. Stewart had received no formal narcotics training. Detective Terry Weed participated with Stewart in the interview of Lavender; at the conclusion of the interview, Lavender agreed to assist the officers, and Weed agreed to contact the county attorney to discuss her use as an informant. When Lavender asked whether some of the marihuana could be returned to her, Weed told her, "No," stating it would either be used against her in court or eventually be destroyed pending contact with the prosecutor. Stewart then transported Lavender back to her vehicle, at which time she asked Stewart to give her back part of the marihuana. Stewart returned one "bud" of the marihuana to Lavender. Several months later, after Weed determined that Lavender had not worked out as an informant, she was charged with possession of less than two ounces of marihuana, a Class B misdemeanor.[1] At that time, Stewart told Weed that "there could be a problem," because he had returned a small amount of the marihuana to Lavender. Stewart was subsequently indicted for tampering with physical evidence, a third degree felony. After a bench trial, Stewart was found guilty, and received a sentence of three years imprisonment, which was suspended and probated for three years.

### ANALYSIS

In his first issue, Stewart asserts that his act of removing a small portion of

---

1. The charge against Lavender was ultimately dismissed.

the marihuana does not constitute the offense of tampering with physical evidence because "the overall integrity of the evidence to be used for prosecution [was] not compromised." In essence, Stewart's complaint is a legal sufficiency challenge. In evaluating the legal sufficiency of the evidence to support Stewart's conviction, we view all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Vodochodsky v. State*, 158 S.W.3d 502, 509 (Tex.Crim. App.2005).

As applicable to Stewart's case, a person commits the offense of tampering with physical evidence if the person: (1) knowing that an offense has been committed, (2) alters, destroys, or conceals any record, document, or thing, (3) with intent to impair its verity, legibility, or availability as evidence in any subsequent investigation or official proceeding related to the offense. TEX. PENAL CODE ANN. § 37.09(d)(1) (Vernon 2003); *see Hollingsworth v. State*, 15 S.W.3d 586, 594 (Tex.App.-Austin 2000, no pet.). In his brief, Stewart concedes he knew the offense of possession had been committed by Lavender, but argues that his removal of a "bud" from the half-ounce of marihuana did not affect the State's ability to prosecute Lavender on a Class B misdemeanor possession charge,[2] and the availability of the rest of the marihuana for a subsequent prosecution was not "impaired" as required by section 37.09(d)(1). Stewart relies heavily on *Spector v. State* in support of his argument that the "evidentiary value" of the marihuana was not

"destroyed" by his removal of a small quantity because the category of the possession offense for which Lavender could be prosecuted was not affected. *See Spector v. State*, 746 S.W.2d 945, 946 (Tex.App.-Austin 1988, no pet.) (holding evidentiary value of marihuana cigarette, which was torn in half and thrown away but recovered, was not so lost as to consider it "destroyed" within meaning of § 37.09(a)). *Spector* is distinguishable, however, because it involved a mere change in form of the marihuana without any loss in evidentiary value; here, Stewart's removal of a "bud" from the rest of the marihuana resulted in a loss of that "bud," not merely a change in form. *See id.* Stewart also relies on *Pannell v. State*, but that case turned on whether the defendant was aware that the thing he destroyed was evidence in an investigation at the time of the alteration, destruction or concealment. *See Pannell v. State*, 7 S.W.3d 222, 223 (Tex.App.-Dallas 1999, pet. ref'd) (defendant emptied out contents of baggie when police first approached). Here, there is no dispute that Stewart knew the entire quantity of marihuana he seized from Lavender was evidence in an investigation.

In its brief, the State argues that Stewart's issue must be overruled because he was charged with, and convicted of, tampering with the "bud" of marihuana that was removed and given to Lavender for her use, *not* tampering with the remainder of the marihuana that remained available for use in a prosecution. We agree. The indictment alleged that Stewart did, "knowing that an offense has been committed, to-wit, the possession of marihuana by Roxanne Lavender, alter, destroy and conceal a thing, to-wit, marihuana, with intent

---

**2.** The category of a possession offense is based on the quantity of the controlled substance. Here, the charge against Lavender was for possession of two ounces or less of

marihuana-a Class B misdemeanor. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.121(b)(1) (Vernon 2003).

to impair its availability as evidence in any subsequent investigation or an official proceeding related to the said offense." At trial, Stewart stipulated that he seized approximately one-half ounce of marihuana from Lavender, gave her back a "bud" which was the equivalent of approximately one "joint" or "a small marihuana cigarette," and tagged and turned in the remaining 16.4 grams as evidence. Stewart testified that he did not think the "bud" he gave back to Lavender would be available for later use as evidence, and agreed that the "bud" is "gone." Detective Weed testified that it is "obvious" that the marihuana returned to Lavender would not be available for use in a subsequent prosecution. Finally, on a tape recording of an October 2005 conversation with Detective Weed, Stewart stated that he gave Lavender "enough for a couple joints." The trial court, as the fact finder, could have reasonably inferred from Stewart's admissions that he gave Lavender enough marihuana for one or two "joints" that he knew the marihuana would be consumed and thus destroyed. *See Jones v. State,* 944 S.W.2d 642, 647–48 (Tex.Crim.App.1996) (fact finder may draw reasonable inferences from the evidence). Based on our review of the record, we conclude the evidence is legally sufficient to prove that Stewart altered, destroyed and concealed the marihuana that he removed from the whole, thereby impairing its availability for use in a subsequent prosecution. Stewart's first issue is overruled.

■ In his second issue, Stewart asserts there was no evidence that he had the requisite culpability to support his conviction. We must determine, therefore, whether viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found beyond a reasonable doubt that Stewart had the intent to impair the marihuana's availability as evidence in a future investigation or prosecution. *See* TEX. PENAL CODE ANN. § 37.09(d)(1); *see also Vodochodsky,* 158 S.W.3d at 509. Stewart asserts that because his removal of a small amount of the marihuana did not impair the State's ability to prosecute Lavender for a Class B misdemeanor, he "could not have intended . . . to impair the prosecution of the case in any way." Stewart also cites his own testimony that he gave some of the marihuana back to Lavender because he was "trying to create a snitch," believed he was following proper police procedure in doing so,[3] did not believe he was breaking the law, and understood that removal of a small amount would have "no evidentiary impact" because the total quantity would still be less than two ounces. Finally, he cites the testimony of Detective Weed, the police chief, and the sheriff as corroborating his lack of intent to break the law.

At trial, Lavender testified that when she first requested the return of some marihuana during her meeting with Weed and Stewart, Weed said, "No." Stewart was present at the meeting, although Lavender stated it was possible that Stewart had walked away and returned at some point. Later, when she was alone with Stewart, Lavender stated that she asked Stewart again if she could have some of the marihuana. She testified that Stewart agreed "reluctantly," and "he basically didn't want to and told me he could lose

---

3. Stewart was asked where he had heard that "this is done . . . with some officers, you give a little bit of dope to them and then they bring you information?" He replied, "I've heard it from other officers, just TV, you know, just listening to people." He later explained he had heard of this behavior from a veteran narcotics officer in Corpus Christi. Stewart admitted on cross-examination that his law enforcement training did not include instruction that returning a portion of seized contraband was appropriate conduct.

his job over it and I agreed not to mention it." She stated that Stewart expressly asked her not to mention it.

Detective Weed testified that he specifically recalled Stewart being present when he explained to Lavender that none of the marihuana could be returned to her. On the tape of the conversation between Weed and Stewart, which was admitted into evidence, Weed clarified that Stewart gave part of the marihuana back to Lavender *after* their meeting at which Weed had refused Lavender's first request. In addition, Weed testified that when Stewart told him about returning part of the marihuana, Stewart asked "whether he should lie about it in court," to which Weed replied, "that's the last thing you'd want to do." As explanation of why he had returned some marihuana to Lavender, Stewart told Weed that he "thought it was cool" to give some back to develop a relationship with an informant. Weed, who had three to four years of narcotics experience, testified that he had not heard of officers giving back drugs to gain the rapport of an informant. Weed stated that he had explained to Stewart that the only time an officer might give drugs back would be in an undercover capacity. Weed testified that in his opinion Stewart had used "poor judgment," but "knew it was wrong" and knew he had destroyed evidence.

Stewart testified he did not recall the conversation during the meeting with Lavender and Weed, and did not hear Weed decline Lavender's request for some marihuana because he was monitoring his police radio during the meeting. Stewart did not deny telling Lavender that he could lose his job for giving her some marihuana back; he stated he did not know why he had said that, but agreed that he did think he might lose his job. On the taped conversation, Stewart told Weed that he gave back the marihuana to Lavender because

she told him the person she was meeting that night would be "expecting it."

Finally, the police chief testified that Stewart was a good, honest officer, and that he believed Stewart thought what he did was right, even though it was illegal. The county sheriff testified that Stewart made a "stupid rookie mistake" and "probably did not understand it was illegal;" however, the sheriff did not know Stewart had told Lavender that he could lose his job for giving her the marihuana. The mayor testified that Stewart was a "good officer" who made a "stupid mistake."

We conclude there is sufficient evidence to support a reasonable inference that Stewart knew his action in returning part of the marihuana was wrong, and was not "proper police procedure," and that he knew that the evidentiary value of the "bud" of marihuana would be lost by returning it to Lavender. Stewart's own statement indicating his awareness that he was jeopardizing his job, and the fact that he returned the marihuana to Lavender after Weed declined, and expressed a willingness to lie about it in court, indicate he had the requisite culpability to support his conviction. Stewart's second issue is overruled.

The trial court's judgment is affirmed.