**Randy Deshawn COLLIER, Appellant,**

**v.**

**STATE of Texas, Appellee.**

**No. 11–06–00199–CR.**

Court of Appeals of Texas,
Eastland.

April 10, 2008.

Bob Lindsey, Britt H. Lindsey, Abilene, for appellant.

James Eidson, District Attorney, Patricia Dyer, Assistant, Criminal District Attorney's Office, Abilene, for appellee.

Panel consists of: WRIGHT, C.J., McCALL, J., and HILL, J.[1]

---

1. John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth sitting by assignment.

## OPINION

JOHN G. HILL, Justice.

Randy Deshawn Collier appeals his conviction by a jury of the offense of tampering with evidence. The trial court assessed his punishment at seven years confinement in the Texas Department of Criminal Justice, Institutional Division, probated for seven years, and a fine of $1,000. He contends in two issues that the evidence is legally and factually insufficient to support his conviction. We affirm.

In order to determine if the evidence is legally sufficient, the appellate court reviews all of the evidence in the light most favorable to the verdict and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). To determine if the evidence is factually sufficient, the appellate court reviews all of the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414 (Tex.Crim.App.2006) (overruling in part *Zuniga v. State*, 144 S.W.3d 477 (Tex.Crim.App.2004)); *Johnson v. State*, 23 S.W.3d 1, 10–11 (Tex.Crim. App.2000); *Cain v. State*, 958 S.W.2d 404, 407–08 (Tex.Crim.App.1997); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App. 1996). Then, the reviewing court determines whether the evidence supporting the verdict is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight and preponderance of the conflicting evidence. *Watson*, 204 S.W.3d at 414–15; *Johnson*, 23 S.W.3d at 10–11.

Officer Adam Becker testified that he is a patrol officer with the Abilene Police Department. He said he stopped Collier because the computer in his patrol car indicated that the automobile Collier was driving was unregistered. He indicated that Collier did not pull over and stop immediately, continuing for at least two blocks before stopping. Officer Becker expressed his belief that Collier was chewing up and swallowing evidence during the time he was following him. He stated he reached that conclusion based on his later search of Collier's mouth. When Collier failed to produce a driver's license or other identification, Officer Becker placed him under arrest for driving without a license.

Officer Becker testified that, when he asked Collier to open his mouth, Collier stuck his head down. Officer Becker indicated he had to tell Collier numerous times to lift his head up and stick his tongue out so he could see inside Collier's mouth. He stated he could see several very small white particles on his tongue. He said that, in his experience, the particles could be chewed-up crack cocaine particles. He related the difficulty he had in obtaining one of the particles because Collier kept moving his tongue. It was shown that the particle was cocaine.

Officer Becker testified that a user of crack cocaine might put it in his or her mouth to hide it from police whenever they were pulled over. He indicated that, when police come up, someone who has gone to a drug house will try to chew it up or throw it in his or her mouth to hide it. He acknowledged that he did not see Collier put anything in his mouth. He also acknowledged he was unable to see Collier chewing or swallowing anything. He stated that "they" will put it in their mouth when they see the police are coming and they do not want to get caught with cocaine. Officer Becker also acknowledged he had testified in a prior hearing that "they" store it in their mouth and that he had not indicated in his report that he had seen Collier trying to chew something. He also acknowledged that a videotape of

the arrest did not show Collier trying to chew or swallow while he was under arrest. Officer Becker testified that the flakes of cocaine he recovered did not constitute a usable amount of cocaine—not the typical amount that one would try to smoke. He acknowledged he did not know how many rocks of cocaine Collier had that he was eating before he was stopped.

The indictment alleged that Collier, knowing the offense of possession of cocaine had been committed, did intentionally and knowingly alter, destroy, and conceal cocaine with intent to impair its availability as evidence in a subsequent investigation and official proceeding related to the offense by chewing the cocaine. The charge instructed the jury that, if it found those alleged facts true beyond a reasonable doubt, it was to find Collier guilty as alleged in the indictment.

 Applying the tests for legal and factual sufficiency previously set forth, we find the evidence is legally and factually sufficient to support Collier's conviction. In arguing that the evidence is legally and factually insufficient, Collier relies upon the cases of *Hollingsworth v. State,* 15 S.W.3d 586 (Tex.App.-Austin 2000, no pet.), and *Spector v. State,* 746 S.W.2d 945 (Tex.App.-Austin 1988, no pet.).

In *Hollingsworth,* the defendant was pursued by a police officer. *Hollingsworth,* 15 S.W.3d at 594. He went behind a dumpster and spit out cocaine. *Id.* at 594–95. There was evidence that it is very common to carry cocaine in the mouth, often to avoid being detected. *Id.* at 594. However, the court held the evidence was insufficient to show the defendant concealed the cocaine with the intent to impair its availability as evidence in some kind of investigation. *Id.* at 595. The court noted there was no evidence that the defendant saw the police officers in the case and then put the evidence into his mouth in order to

hide it from them. *Id.* Additionally, the court noted the defendant spit out the cocaine, exposing it to view. *Id.*

We respectfully choose not to follow *Hollingsworth* because we believe that, from the evidence presented in that case, a rational jury could have reasonably found the defendant concealed the cocaine with the intent to impair its availability as evidence, even without testimony of anyone seeing him actually put it in his mouth after being confronted by the officer. The court virtually acknowledged the defendant was concealing the cocaine when it noted he was "carrying cocaine . . . to keep it from public view." *Id.* The defendant's evasion of the police officers and his surreptitious spitting out of the cocaine constitute evidence from which a rational jury could have concluded that his continued concealment of the cocaine after being confronted by the police officer was done with the intent to impair its availability as evidence. We would hold that, under the facts in *Hollingsworth,* the evidence was legally sufficient to support Hollingsworth's conviction.

Just as in *Hollingsworth,* the evidence in this case shows the defendant evaded police for a time and struggled with Officer Becker to keep him from obtaining the cocaine he was concealing in his mouth. As previously stated, we feel that, from this evidence, a rational jury could conclude Collier was concealing the cocaine with the intent to impair its availability as evidence.

In *Spector,* the defendant was convicted of destroying a marihuana cigarette with the intent to impair its availability as evidence. *Spector,* 746 S.W.2d at 945. The defendant tore a marihuana cigarette in two and threw the pieces toward a ditch. *Id.* at 946. Holding that form changes without a loss of evidentiary value are

mere attempts to destroy or are alterations and holding that only parts of the marihuana cigarette were lost, the court held the evidence insufficient to support the defendant's conviction for destroying the cigarette because the evidentiary value of the cigarette was not so lost as to consider it destroyed. *Id.* In the case at bar, because the evidence supports the conviction on the basis that Collier concealed the cocaine with the purpose of impairing its availability as evidence, the holding in *Spector* with respect to the destruction of evidence is not determinative.

■ Collier appears to suggest the evidence is insufficient because no one saw him chewing the cocaine, as was charged. We believe, based on Collier's delay in pulling over his vehicle, coupled with the extremely small particles of an unusable amount of cocaine contained in his mouth, a rational jury could reasonably have concluded he had been chewing the cocaine, even though no one had observed him doing so. We overrule issues one and two.

The judgment is affirmed.