Opinion filed April 10, 2008











 
 
  
 
 







 
 
  
 
 




Opinion filed April 10,
2008

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                   __________

 

                                                          No. 11-06-00199-CR

                                                     __________

 

                             RANDY
DESHAWN COLLIER, Appellant

                                                             V.

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 42nd District Court

          Taylor
County, Texas

                         Trial
Court Cause No. 21,941-A

 



 

                                                                   O
P I N I O N

Randy
Deshawn Collier appeals his conviction by a jury of the offense of tampering
with evidence.  The trial court assessed his punishment at seven years
confinement in the Texas Department of Criminal Justice, Institutional
Division, probated for seven years, and a fine of $1,000.  He contends in two
issues that the evidence is legally and factually insufficient to support his
conviction. We affirm.








In
order to determine if the evidence is legally sufficient, the appellate court
reviews all of the evidence in the light most favorable to the verdict and
determines whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319 (1979).  To determine if the evidence is factually
sufficient, the appellate court reviews all of the evidence in a neutral
light.  Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006)
(overruling in part Zuniga v. State, 144 S.W.3d 477 (Tex. Crim. App.
2004)); Johnson v. State, 23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); Cain
v. State, 958 S.W.2d 404, 407- 08 (Tex. Crim. App. 1997); Clewis v.
State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). Then, the reviewing
court determines whether the evidence supporting the verdict is so weak that
the verdict is clearly wrong and manifestly unjust or whether the verdict is
against the great weight and preponderance of the conflicting evidence. Watson,
204 S.W.3d at 414-15; Johnson, 23 S.W.3d at 10-11.

Officer
Adam Becker testified that he is a patrol officer with the Abilene Police
Department.  He said he stopped Collier because the computer in his patrol car
indicated that the automobile Collier was driving was unregistered.  He
indicated that Collier did not pull over and stop immediately, continuing for
at least two blocks before stopping.  Officer Becker expressed his belief that
Collier was chewing up and swallowing evidence during the time he was following
him.  He stated he reached that conclusion based on his later search of Collier=s mouth.  When Collier
failed to produce a driver=s
license or other identification, Officer Becker placed him under arrest for
driving without a license.

Officer
Becker testified that, when he asked Collier to open his mouth, Collier stuck
his head down.  Officer Becker indicated he had to tell Collier numerous times
to lift his head up and stick his tongue out so he could see inside Collier=s mouth.  He stated he
could see several very small white particles on his tongue.  He said that, in
his experience, the particles could be chewed-up crack cocaine particles.  He
related the difficulty he had in obtaining one of the particles because Collier
kept moving his tongue.  It was shown that the particle was cocaine.








Officer
Becker testified that a user of crack cocaine might put it in his or her mouth
to hide it from police whenever they were pulled over.  He indicated that, when
police come up, someone who has gone to a drug house will try to chew it up or
throw it in his or her mouth to hide it.  He acknowledged that he did not see
Collier put anything in his mouth.  He also acknowledged he was unable to see
Collier chewing or swallowing anything.  He stated that Athey@
will put it in their mouth when they see the police are coming and they do not
want to get caught with cocaine.  Officer Becker also acknowledged he had
testified in a prior hearing that Athey@ store it in their mouth
and that he had not indicated in his report that he had seen Collier trying to
chew something.  He also acknowledged that a videotape of the arrest did not
show Collier trying to chew or swallow while he was under arrest.  Officer
Becker testified that the flakes of cocaine he recovered did not constitute a
usable amount of cocaine B
not the typical amount that one would try to smoke.  He acknowledged he did not
know how many rocks of cocaine Collier had that he was eating before he was
stopped.

The
indictment alleged that Collier, knowing the offense of possession of cocaine
had been committed, did intentionally and knowingly alter, destroy, and conceal
cocaine with intent to impair its availability as evidence in a subsequent
investigation and official proceeding related to the offense by chewing the
cocaine.  The charge instructed the jury that, if it found those alleged facts
true beyond a reasonable doubt, it was to find Collier guilty as alleged in the
indictment.

Applying
the tests for legal and factual sufficiency previously set forth, we find the
evidence is legally and factually sufficient to support Collier=s conviction.  In arguing
that the evidence is legally and factually insufficient, Collier relies upon
the cases of Hollingsworth v. State, 15 S.W.3d 586 (Tex. App.CAustin 2000, no pet.), and Spector
v. State, 746 S.W.2d 945 (Tex. App.CAustin
1988, no pet.).  

In
Hollingsworth, the defendant was pursued by a police officer.  Hollingsworth,
15 S.W.3d at 594.  He went behind a dumpster and spit out cocaine.  Id. at
594-95.  There was evidence that it is very common to carry cocaine in the
mouth, often to avoid being detected.  Id. at 594.  However, the court
held the evidence was insufficient to show the defendant concealed the cocaine
with the intent to impair its availability as evidence in some kind of
investigation.  Id. at 595.  The court noted there was no evidence that
the defendant saw the police officers in the case and then put the evidence
into his mouth in order to hide it from them.  Id.  Additionally, the
court noted the defendant spit out the cocaine, exposing it to view.  Id.  

We respectfully choose not to follow Hollingsworth
because we believe that, from the evidence presented in that case, a rational
jury could have reasonably found the defendant concealed the cocaine with the
intent to impair its availability as evidence, even without testimony of anyone
seeing him actually put it in his mouth after being confronted by the officer. 
The court virtually acknowledged the defendant was concealing the cocaine when
it noted he was Acarrying
cocaine . . . to keep it from public view.@ 
Id.  The defendant=s
evasion of the police officers and his surreptitious spitting out of the
cocaine constitute evidence from which a rational jury could have concluded
that his continued concealment of the cocaine after being confronted by the
police officer was done with the intent to impair its availability as
evidence.  We would hold that, under the facts in Hollingsworth, the
evidence was legally sufficient to support Hollingsworth=s conviction.








Just
as in Hollingsworth, the evidence in this case shows the defendant
evaded police for a time and struggled with Officer Becker to keep him from
obtaining the cocaine he was concealing in his mouth.  As previously stated, we
feel that, from this evidence, a rational jury could conclude Collier was
concealing the cocaine with the intent to impair its availability as evidence. 


In
Spector, the defendant was convicted of destroying a marihuana cigarette
with the intent to impair its availability as evidence.  Spector, 746
S.W.2d at 945.  The defendant tore a marihuana cigarette in two and threw the
pieces toward a ditch.  Id. at 946.  Holding that form changes without a
loss of evidentiary value are mere attempts to destroy or are alterations and
holding that only parts of the marihuana cigarette were lost, the court held
the evidence insufficient to support the defendant=s conviction for destroying the cigarette
because the evidentiary value of the cigarette was not so lost as to consider
it destroyed.  Id.  In the case at bar, because the evidence supports
the conviction on the basis that Collier concealed the cocaine with the purpose
of impairing its availability as evidence, the holding in Spector with
respect to the destruction of evidence is not determinative.

Collier
appears to suggest the evidence is insufficient because no one saw him chewing
the cocaine, as was charged.  We believe, based on Collier=s delay in pulling over his
vehicle, coupled with the extremely small particles of an unusable amount of
cocaine contained in his mouth, a rational jury could reasonably have concluded
he had been chewing the cocaine, even though no one had observed him doing so. 
We overrule issues one and two.

The
judgment is affirmed.  

 

JOHN G. HILL

JUSTICE

 

April 10, 2008

Publish.  See
Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[1]









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.