IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-0255-07






CLINTON SHANE STEWART, Appellant



v.



THE STATE OF TEXAS





APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTH COURT OF APPEALS


GILLESPIE COUNTY





 Keller, P.J., delivered the opinion of the Court in which Meyers,
Hervey, Holcomb, and Cochran, JJ., joined. Womack, J., filed a dissenting opinion
in which Price, Johnson, and Keasler, JJ., joined.


 Appellant was a police officer who pulled over Roxanne Lavender for a traffic violation. After a
consent search, appellant discovered that Lavender possessed approximately half an ounce of marihuana,
consisting of several buds in a baggie. Having no formal narcotics training, appellant decided to take her
to the station for questioning to determine whether she could assist the police as a confidential informant. 
Detective Terry Weed and appellant interviewed her. Lavender agreed to assist the officers, and Weed
agreed to discuss the situation with the county attorney. Lavender asked whether some of the marihuana
could be returned to her, and Weed replied, "No," stating that it would either be used as evidence against
her or destroyed. As appellant was transporting Lavender back to her car, she asked him to give her back
part of the marihuana. He returned one "bud" of the marihuana to Lavender.

 Lavender did not work out as a confidential informant, and the State decided to prosecute her. 
Upon learning this, appellant realized that the discrepancy between what was originally confiscated and
what remained could come to light, and he told Weed what had happened.

 As a result of his conduct, appellant was convicted of tampering with physical evidence. The
indictment charged that appellant did, "knowing that an offense has been committed, to-wit, the possession
of marihuana by Roxanne Lavender, alter, destroy, and conceal a thing, to-wit, marihuana, with intent to
impair its availability as evidence in any subsequent investigation or an official proceeding related to the said
offense." On appeal, appellant challenged the legal sufficiency of the evidence to support the conviction,
contending, among other things, that he did not intend to impair the marihuana prosecution. The court of
appeals affirmed, holding that appellant "knew that the evidentiary value of the 'bud' of marihuana would
be lost by returning it to Lavender." (1)

 A person commits the offense of tampering with evidence if, "knowing that an investigation or
official proceeding is pending or in progress, he . . . alters, destroys, or conceals any record, document or
thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official
proceeding." (2) "Intent" and "knowledge" are two different culpable mental states. The tampering with
evidence statute requires intent as to a particular result, namely, impairing a thing's availability as evidence. 
"A person acts intentionally, or with intent, with respect . . . to a result of his conduct when it is his
conscious objective or desire to . . . cause the result." (3) By contrast: "A person acts knowingly, or with
knowledge, with respect to a result of his conduct when he is aware that his conduct is reasonably certain
to cause the result." (4) 

 It is not enough that appellant knew that his action would impair the availability of the marihuana
as evidence. He must have intended to impair its availability. That is, impairing the marihuana's availability
as evidence must have been appellant's conscious objective or desire. The court of appeals erred in
analyzing the sufficiency of the evidence for the culpable mental state of knowledge when the statute
proscribes the higher culpable mental state of intent.

 Moreover, the evidence appears to be legally insufficient to show that appellant had the conscious
objective or desire to impair the availability of the marihuana as evidence. The missing marihuana bud
would not have changed the category of the offense, (5) and the remaining marihuana was certainly enough
to convict Lavender, if the State was interested in pursuing a prosecution. Indeed, appellant's conduct
appears to have been motivated by the belief that Lavender would escape prosecution by becoming an
informant, and as a result, the entire quantity of marihuana would be destroyed anyway. That does not
mean appellant did nothing wrong. At the very least, he appears to have committed the Class B
misdemeanor offense of delivery of marihuana. (6) But that was not the offense he was charged with.

 We reverse the judgments of the courts below, and we render a judgment of acquittal on the basis
of legally insufficient evidence.

Filed: October 31, 2007

Publish 


 
1. Stewart v. State, 221 S.W.3d 716, 720 (Tex. App.-San Antonio 2007)(emphasis added). 
2. Tex. Pen. Code §37.09(a)(1)(emphasis added). This offense is a third-degree felony.
§37.09(c).
3. Tex. Pen. Code §6.03(a)(emphasis added).
4. §6.03(b).
5. Tex. Health & Safety Code §481.121(b)(1)(proscribing punishment for possession of
marihuana in the amount of two ounces or less).
6. Tex. Health & Safety Code §481.120(b)(1)(one-fourth ounce or less delivered without
receiving remuneration).